UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company<br>Plaintiff,<br>v.<br><trx.com>, a domain name,<br>and<br>Loo Tze Ming, an individual from Malaysia,<br>Defendants. | Case No. 1:23-cv-217<br>Judge: Claude M. Hilton<br>**DEMAND FOR JURY TRIAL** |

**AMENDED COMPLAINT**

Plaintiff, JFXD TRX ACQ LLC d/b/a TRX ("Plaintiff" or "TRX"), by and through its attorneys, for its Amended Complaint against Defendant Loo Tze Ming ("Ming" or "Defendant") and the domain name <trx.com> ("trx.com" or "the Domain Name"), alleges as follows:

**NATURE OF ACTION**

1. TRX's claim stems from Defendant's cybersquatting of the domain name <trx.com> in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA").

**PARTIES**

2. TRX is a limited liability company organized under the laws of the State of Florida and maintains its principal office at 501 Palm Trail, Delray Beach, Florida 33843.

3. Upon information and belief, Defendant is a citizen of Malaysia located in

Selangor, Malaysia.

4. Upon information and belief, <trx.com> is an Internet domain name that, according to WHOIS® database records, is registered to "au tuu" located at the street "Iceland" in the city "Iceland" located in the country "IS" with postal code "120." The WHOIS registration for <trx.com> further lists a phone number, +354.1564189, and localxiy@gmail.com, under contact information for the registrant.

5. Upon information and belief, Defendant is the registrant of <trx.com> and provided false contact information in registering the Domain Name.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this case arises under the ACPA, 15 U.S.C. § 1125(d), which is a federal law.

7. This Court has personal jurisdiction over Defendant because Defendant has engaged in conduct that has damaged and continues to damage TRX within Virginia and this District. Specifically, as set forth in further detail below, Defendant has registered a domain name comprised of Plaintiff's well known TRX mark in bad faith through the domain name registry operator, Verisign, which is located in this District. Through Defendant's deliberate bad faith registration of the <trx.com> Domain Name through Verisign, Defendant has created contacts with Virginia and this District sufficient to establish personal jurisdiction over it in Virginia and this District.

8. This Court has in rem jurisdiction over <trx.com> pursuant to 15 U.S.C. § 1125(d)(2)(A). Upon information and belief, Defendant provided the domain name registrar, GoDaddy Inc., with false contact information in registering the <trx.com> Domain Name. As part

of a prior action under the Uniform Domain Name Dispute Resolution Policy (the "UDRP") to recover the <trx.com> Domain Name, TRX, through its predecessor-in-interest, emailed the localxiy@gmail.com email address listed under the contact information for the Domain Name, but received no response.  Due to the incomplete nature of the postal address listed for the <trx.com> Domain Name, TRX also has not been able to reach the <trx.com> Domain Name registrant through postal mail.  Further, TRX may be unable to obtain in personam jurisdiction over Defendant. Accordingly, in rem jurisdiction over <trx.com> is appropriate.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim at issue in this litigation occurred in this District because Defendant directed its activities at and engaged in conduct harming TRX in this District when it registered the <trx.com> domain name through Verisign, located in this District. Venue is also proper under 15 U.S.C. § 1125(d)(2)(C)(i). Under this statutory provision, a domain name is deemed to have its situs in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. Verisign, the domain name operator of .com websites is located in this District. Accordingly, a situs of the <trx.com> Domain Name is located in this judicial district.

## TRX AND ITS TRADEMARKS

10. TRX is a global leader in the fitness industry, providing world-class equipment, training, and education to empower and challenge every body infinitely, using individuals' own body weight.

11. TRX is the owner of the famous and distinctive trademark TRX®.  By itself and through its predecessors in interest, TRX has used the TRX mark continuously in United States commerce since at least as early as 2005 in connection with fitness-related goods and services.

12. TRX offers products and services under its TRX marks throughout the United States and the world.

13. In addition to its longstanding common law rights, TRX owns trademark registrations in the United States and over sixty other countries worldwide, including Malaysia, for its TRX-formative marks. These registrations include the following:

| Mark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| TRX | 3,384,871 | February 19, 2008 | Class 41: Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical education services |
| TRX | 3,202,696 | January 23, 2007 | Class 28: Manually operated multipurpose exercise, fitness, and sporting equipment, and instructional material sold together therewith as unit. |
| TRX | 4,018,159 | August 30, 2011 | Class 9: Digital materials, namely, downloadable media files, namely, MP3 file, DVDs, video files featuring physical education, exercise, fitness information and instruction; DVDs featuring physical education, exercise, fitness information and instruction; Pre-recorded DVDs featuring physical education, exercise, fitness information and instruction.<br><br>Class 38: Streaming of videos featuring physical education, exercise, fitness information and instruction on the internet.<br><br>Class 41: Providing online non-downloadable videos featuring physical education, exercise, fitness information and instruction. |
| TRX TRAINING CENTER and Design | 3,925,283 | March 1, 2011 | Class 41: Physical education; Physical education services; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training services |
| TRX CORE | 4,422,454 | October 22, | Class 41: Physical education services; physical fitness conditioning classes; physical |

| Mark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| | | 2013 | fitness consultation; physical fitness instruction; physical fitness training of individuals and groups; physical fitness training services. |
| TRX TRAINING ZONE | 4,459,672 | December 31, 2013 | Class 6: Hardware mounting systems for use with exercise training equipment, namely, metal bars, poles, plates, and anchors for attachment to floors, walls, vertical studs, and horizontal beams, and free-standing metal frames. |
| TRX TRAINING CENTER | 4,345,798 | June 4, 2013 | Class 41: Physical education services; Physical fitness conditioning classes; Physical fitness consultation; Physical fitness instruction; Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups; Physical fitness training services. |
| TRX FORCE | 4,027,129 | September 13, 2011 | Class 28: Manually-operated exercise equipment. |
| TRX | 4,542,811 | June 3, 2014 | Class 42: Design, development, and implementation of software for fitness training, including general and customized workouts, agility drills, benchmarking tests, strength training, and core stability exercises; Software as a service (SAAS) services featuring software for fitness training, including general and customized workouts, agility drills, benchmarking tests, strength training, and core stability exercises; Application service provider (ASP) featuring software for use for fitness training, including general and customized workouts, agility drills, benchmarking tests, strength training, and core stability exercises. |
| TRX MAKE YOUR BODY MACHINE | 4,583,899 | August 12, 2014 | Class 28: Manually-operated exercise equipment; Manually operated multipurpose exercise, fitness, and sporting equipment, and instructional material sold together therewith as unit; Fitness and exercise equipment, namely, manually operated exercise equipment; Manually operated fitness and |

| Mark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| | | | exercise equipment, namely, exercise bars for use in resistance training, cardiovascular training, and weight training, fitness, therapeutic, and sporting equipment for personal and professional use, and instructional material sold together therewith as unit. |
| TRX | 4,731,160 | May 5, 2015 | Class 25:  Apparel, namely, hats and caps, t-shirts, hoodies, shorts, and socks. |
| TRX | 4,998,892 | July 12, 2016 | Class 25:  Apparel for use in conjunction with gym exercising and fitness classes, namely, long sleeve shirts, shirts, jersey's, mock turtle necks, jackets, skirts, athletic sleeves, hoods, vests, tank tops, baselayer tops, rainproof jackets, undershirts, yoga shirts, athletic uniforms, padded elbow compression sleeves, camouflage jackets, camouflage shirts, camouflage vests, padded shirts, moisture-wicking sports bras, moisture-wicking sports shirts, leggings, pants, padded pants, padded shorts, baselayer bottoms, boxer briefs, boxer shorts, under wear, briefs, jogging pants, camouflage pants, swimwear, yoga pants, capri pants, moisture-wicking sports pants, skorts, unitards, triathlon clothing, hats, headwear for winter and summer, wristbands, skull caps, gloves, mittens, visors, bandanas, beachwear, bikinis, camouflage gloves, sweatshirts. |
| TRX M BODY STRAP INTO THE MOVEMENT and Design | 6,139,690 | September 1, 2020 | Class 41:  Educational services, namely, conducting group physical fitness training programs using strap-based trainers for use in conjunction with bodyweight, functional training tools, or cardio equipment; Group physical fitness training using strap-based trainers for use in conjunction with bodyweight, functional training tools, or cardio equipment; Educational services for professional personal trainers, namely, training services in the field of live foundational movement methodology training, use of strap-based equipment training, how to provide digital content with training techniques, providing teach-back submission training, |

| Mark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| | | | training on how to provide access to programming and workouts to consumers, and quarterly up-skilling training, all related to strap based equipment; Providing information in the field of group exercise training using strap-based trainers, including information as to how to use strap-based training equipment, special ergonomics required for strap-based training spaces and how to care for strap-based equipment such as storage and anchoring of strap-based equipment. |
| TRX ROCKER | 6,049,742 | May 5, 2020 | Class 28: Fitness and exercise equipment, namely, a manually-operated exercise roller for exercising and toning portions of the body. |
| TRX LIVE | 6,720,002 | May 3, 2022 | Class 38: Streaming of audio and video materials on the Internet featuring physical fitness classes, training, and instruction.<br>Class 41: Providing classes, workshops and seminars in the fields of fitness and exercise; providing fitness and exercise facilities; physical fitness instruction and consultation; physical fitness conditioning classes; physical fitness training services providing a website featuring information on exercise and physical fitness accessible through a global computer network and mobile devices. |

14. Copies of the foregoing registrations and corresponding records from the Trademark Electronic Search System (TESS) are attached hereto as Exhibit A and incorporated herein by reference. TRX's common law rights in and registrations for its TRX marks shall be referred to collectively herein as the "TRX Marks."

15. The foregoing registrations for the TRX Marks are valid and subsisting and are *prima facie* evidence of TRX's exclusive right to use the TRX Marks in connection with the identified goods and services in the United States. Many of the foregoing registrations for the TRX Marks are incontestable and therefore constitute conclusive evidence of the validity of those

marks, as well as TRX's ownership thereof and exclusive right to use those marks in connection with the identified goods and services.

16. The TRX Marks are famous, highly distinctive, and emblematic of TRX and its high quality fitness goods and services.

17. TRX prominently displays the TRX Marks in its advertising and promotional materials. TRX has spent significant time, effort, and resources establishing its TRX Marks in the minds of its customers and the public via advertisements and promotions, including online advertisements and promotions, as representative of TRX's high quality fitness products and services. The volume and reach of TRX's marketing and advertising efforts relating to its TRX products and services has been substantial.

18. TRX's marketing and advertising efforts have yielded great success. By itself and through its predecessors in interest, TRX has generated substantial revenue from the sale of products and services under its TRX Marks.

19. As a result of TRX's continuous use, extensive sales, advertising, and promotion of the TRX Marks, the TRX Marks enjoy widespread recognition and an excellent reputation, and are recognized by the public as emanating exclusively from TRX and representative of TRX's high quality fitness products and services.

20. As a result of TRX's efforts and commercial success in advertising, marketing and promoting products and services under the TRX Marks, TRX has generated substantial and valuable goodwill in its TRX Marks, and the TRX Marks have become intangible assets of substantial commercial value to TRX.

21. Unfortunately, the enormous success of the TRX brand has given rise to numerous infringers, counterfeiters, and cybersquatters around the world seeking to capitalize unlawfully on

the goodwill that TRX has built up over the years in its TRX Marks. The counterfeit and inferior goods many of these bad actors offer and sell to the public damage the goodwill associated with the TRX Marks and put consumers and the public at risk.

22. To combat such damage and protect its brand, TRX aggressively enforces its highly valuable TRX Marks and has campaigned globally against infringers, counterfeiters, and cybersquatters for well over a decade.

**DEFENDANT'S UNLAWFUL CONDUCT**

23. In or around October 2022, TRX's predecessor-in-interest, Fitness Anywhere LLC ("TRX's Predecessor"), learned that the <trx.com> Domain Name had been purchased.

24. TRX's Predecessor subsequently attempted to reach the <trx.com> registrant through the Domain Name's registrar, Go Daddy Inc., for purposes of acquiring the Domain Name. However, those attempts were unsuccessful.

25. In October 2022, TRX's Predecessor filed a UDRP complaint with a domain name dispute administrator against the <trx.com> registrant seeking transfer of the Domain Name (the "UDRP Proceeding").

26. The registrant of the Domain Name defaulted in the UDRP Proceeding.

27. On November 11, 2022, the domain name dispute administrator issued a decision in the UDRP Proceeding ordering transfer of the Domain Name to TRX's Predecessor. A copy of the decision from the UDRP Proceeding is attached hereto as Exhibit B and incorporated herein by reference.

28. In issuing the decision in the UDRP Proceeding, the panelist conducted a full analysis and found, *inter alia*, that "the disputed domain name is identical to a mark in which Complainant has rights; that Respondent lacks rights or legitimate interests in respect of the

disputed domain name; and that the disputed domain name was registered and is being used in bad faith." *See* Ex. B.

29. Following the decision in the UDRP Proceeding, on November 30, 2022, Defendant filed a complaint instituting Case No. 2:22-cv-02042 in the District of Arizona asserting several claims against TRX's Predecessor and seeking to block the transfer of <trx.com> (the "Complaint"). The Complaint is attached hereto as Exhibit C and incorporated herein by reference.

30. In the Complaint, Defendant asserts that he acquired <trx.com> in April 2022 for $138,000. Ex. C, ¶16. Defendant asserts that he acquired the Domain Name after becoming "interested in investments in digital assets" and learning "that the internet domain name TRX.com was available for sale." *Id.* at ¶ 10.

31. After acquiring the Domain Name, Defendant "arranged to have the Domain Name resolve to a 'for sale' page through which prospective purchasers could express interest in obtaining the Domain Name." *Id.* at ¶ 19.

32. Defendant admits he used an alias to register the Domain Name. *Id.* at ¶ 20.

33. Defendant has not asserted any trademark or other intellectual property rights in the Domain Name.

34. Defendant has not asserted that the Domain Name consists of his legal name or a name that is commonly used to identify Defendant.

35. Upon information and belief, Defendant has made no use of <trx.com> in connection with the bona fide offering of any goods or services. Defendant admits that he has not used the Domain Name to advertise exercise services. *Id.* at ¶ 21.

36. Upon information and belief, Defendant has made no bona fide noncommercial or fair use of TRX's TRX Marks in a site accessible under the Domain Name <trx.com>.

37. Upon information and belief, Defendant has offered to sell the Domain Name <trx.com> for consideration without having used, or having an intent to use the Domain Name in a bona fide offering of any goods or services and has a pattern of such conduct.

38. Upon information and belief, the sole goal of Defendant's acquisition of the Domain Name was for profit.

39. Upon information and belief, Defendant provided material and misleading false contact information in registering the Domain Name and has engaged in a pattern of such conduct.

40. As set forth above, the TRX Marks are famous, highly distinctive, and well-known in the United States and throughout the world, including Malaysia.

41. Upon information and belief, Defendant was well aware of the TRX Marks and TRX's prior rights therein when he registered <trx.com>.

42. The <trx.com> Domain Name is identical or virtually identical to and fully incorporated in the registration of the famous and highly distinctive TRX Marks.

43. Upon information and belief, Defendant knew that his registration and use of the Domain Name would cause confusion among consumers and the public who would mistakenly believe that there existed some connection between Defendant and/or his use of the Domain Name on the one hand and TRX on the other, when in fact there is none.

## COUNT I

### Violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

44. TRX realleges and incorporates by reference all preceding allegations set forth above.

45. TRX's federally registered TRX Marks were famous, well-known, and distinctive before Defendant's registration and/or acquisition of <trx.com> on or before 2022 and are entitled

to protection under the Lanham Act.

46. Defendant's aforementioned acts demonstrate that Defendant has a bad faith intent to profit from TRX's TRX Marks.

47. Defendant has used and acquired for purposes of transferring, selling, or otherwise assigning <trx.com> to any third party for financial gain without having used, or having an intent to use, the Domain Name in the bona fide offering of any goods or services.

48. Defendant has registered, trafficked in, and used <trx.com>, which is identical to or confusingly similar to or dilutive of the TRX Marks.

49. Defendant's use of <trx.com> is likely to cause confusion among customers.

50. The acts described here constitute unlawful cyberpiracy in violation of the ACPA.

51. Defendant's actions justify an award of statutory damages in an amount of $100,000 per domain pursuant to 15 U.S.C. § 1117(d).

52. Defendant has engaged in and continues to engage in these activities knowingly, willfully, and deliberately. This is an exceptional case, which justifies an award of TRX's reasonable attorney fees and costs.

53. Defendant's use of <trx.com>, unless enjoined by the Court, will continue to cause TRX to sustain irreparable damage in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Such irreparable damage will continue unless Defendant's acts are enjoined during the pendency of this action and thereafter. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), TRX is entitled to an order transferring the <trx.com> registration and website to TRX.

**Prayer for Relief**

WHEREFORE, TRX respectfully requests that the Court enter judgment in its favor and

against Defendant, providing the following relief:

    a.    The judgement be entered in favor of TRX on its ACPA claim and against Defendant;

    b.    Finding that Defendant's conduct as described above is in violation of the ACPA, 15 U.S.C. § 1125(d);

    c.    Granting an injunction ordering Defendant, its officers, agents, and employees, and all persons acting in concert with them, to cease and refrain from using the TRX Marks, <trx.com>, or any other form or variation of TRX's TRX Marks or any confusingly similar domain names and marks;

    d.    Ordering the transfer of <trx.com>, as provided in 15 U.S.C. § 1125(d)(1)(C);

    e.    Awarding TRX a money judgement for Defendant's profits and TRX's damages pursuant to 15 U.S.C. § 1117;

    f.    Awarding TRX $100,000 in statutory damages pursuant to 15 U.S.C. § 1117;

    g.    Trebling the award to TRX under 15 U.S.C. § 1117 on account of Defendant's willful, intentional, and bad-faith conduct;

    h.    Awarding TRX its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

    i.    Awarding TRX pre-judgment and post-judgment interest; and

    j.    Awarding TRX such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

TRX demands a trial by jury.

Respectfully submitted,

Dated: February 23, 2023

*/s/ Charles F.B. McAleer, Jr.*
Charles F.B. McAleer, Jr. (VSB #24430)
Harrison J. Clinton (VSB #95732)
cmacaleer@beankinney.com
hclinton@beankinney.com
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Blvd.
Suite 500
Arlington, VA 22201
Telephone: 703-525-4000
Facsimile: 703-525-2207
*Attorneys for Plaintiff JFXD TRX ACQ LLC d/b/a TRX*

OF COUNSEL

Scott D. Barnett (*pro hac vice* forthcoming)
sbarnett@honigman.com
HONIGMAN LLP
39400 Woodward Ave.
Suite 101
Bloomfield Hills, MI 48304
Telephone: 248-566-8300
Facsimile: 248-566-8315