UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company,<br><br>           Plaintiff,<br>v.<br><br>&lt;trx.com&gt;, a domain name,<br><br>    and<br><br>Loo Tze Ming, an individual from Malaysia,<br><br>           Defendants. | C.A. No. 1:23-cv-217-CMH/LRV |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT "LOO TZE MING" BY ALTERNATIVE MEANS OF SERVICE**

Plaintiff JFXD TRX ACQ LLC, d/b/a/ TRX ("Plaintiff" or "TRX"), by counsel, submits this Memorandum of Points and Authorities in support of Plaintiff's motion, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure and Local Civil Rule 7, for leave to serve defendant "Loo Tze Ming" with process in this action by a combination of (1) electronic mail to localxiy@gmail.com and (2) electronic mail and first class mail to the attorneys who filed a pending lawsuit purportedly on behalf of "Loo Tze Ming" in the United States District Court for the District of Arizona, styled *Loo Tze Ming v. Fitness Anywhere LLC*, C.A. No. 2:22-cv-02042 (D. Az.) ("Motion"). For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this Motion and award Plaintiff the relief requested therein.

## BACKGROUND

Plaintiff owns the famous mark TRX®. Plaintiff already owns www.trx.eu and currently is forced to trade under www.trxtraining.com because of the illegal registration and misuse of the domain name <trx.com> through a fictitious domain name registrant.

On February 16, 2023, Plaintiff filed this action seeking to assert, under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA"), *in rem* jurisdiction over the domain name, <trx.com>, that was registered in this District at the request of a purported fictional corporate registrant allegedly located in Iceland. Compl. ¶ 8 (February 16, 2023) (Dkt. No. 1). Prior to filing the Complaint, Plaintiff had learned through a search of the website of the registrar of the domain name that the registrant contact information listed for <trx.com> included plainly fictious information, including listing the registrant's name as "au tuu," with a street address of "Iceland" in the city of "Iceland" and postal code "120." *See* Declaration of Alain Villeneuve, ¶ 2, attached hereto as Exhibit 1 ("Villeneuve Decl."); Ex. A to Villeneuve Decl. (printout dated January 25, 2023 from https://www.whois.com/whois/trx.com). At that time, the registrant contact information on the registrar's website contained the following email address for the registrant: localxiy@gmail.com. *See* Villeneuve Decl. ¶ 2; Ex. A to Villeneuve Decl.[1]

In the Complaint, Plaintiff also asserted claims against an individual defendant, purportedly named "Loo Tze Ming," who is the alleged plaintiff in a lawsuit pending in the United States District Court for the District of Arizona, styled *Loo Tze Ming v. Fitness Anywhere LLC*, C.A. No.

---

[1] After filing the Complaint, on March 6, 2023, Plaintiff checked the registrar's website again for information relating to the registrant of the domain name and captured a printout of the information. *See* Villeneuve Decl., ¶ 9; Dkt. No. 6-1 at p. 4. Notably, the previous reference to the registrant's email address, localxiy@gmail.com, had been removed from the website. Villeneuve Decl., ¶ 9; Dkt. No. 6-1 at p. 4.

2:22-cv-02042 (D. Az.) ("Arizona Lawsuit").² According to the allegations in the Arizona Lawsuit, "Loo Tze Ming" (a) "is a citizen of Malaysia, residing in Selangor, Malaysia," (b) "purchased [the domain name at issue] in April 2022, for more than $138,000 in out of pocket costs through a brokerage service provided by an internet domain name marketplace where [the domain name] was offered for sale," (c) "registered [the domain name at issue]" and (d) in registering the domain name at issue, "used an alias as the registrant name in the belief it would protect his personal privacy, as the owner of a valuable asset." Ex. C to Amended Compl. (Dkt. No. 4-3), ¶¶ 2, 16, 20, 43. The Complaint purportedly filed on behalf of "Loo Tze Ming" in the Arizona Lawsuit does not list or reference any physical residence address for "Loo Tze Ming." *Id.* at ¶ 2.³ The Complaint in the Arizona Lawsuit even affirmatively alleges or admits (a) that the e-mail listed for the registrant of the domain name, i.e., localxiy@gmail.com, is functional, (b) that "Loo Tze Ming" received the UDPR notices through that email address and (c) that the notices "Loo Tze Ming" received through that email address led to the filing of the Arizona Lawsuit. Ex. C to Amd. Compl. (Dkt. No. 4-3), ¶¶ 32, 33. The Complaint in the Arizona Lawsuit was filed by attorneys Sean K. Enos and Jeffrey M. Johnson of the law firm, Schmeiser, Olsen & Watts, LLP, and John B. Berryhill of the law firm, John B. Berryhill, LLC. *Id.* at pp. 13–14.

After filing the Complaint in this action, Plaintiff emailed copies of the Complaint and related court filings to localxiy@gmail.com, i.e., the last known address for the registrant of the domain name at issue. *See* Villeneuve Decl. ¶ 5; Dkt. No. 6-1 at pp. 11–12. After filing the Amended Complaint, Plaintiff sent another email to localxiy@gmail.com indicating that (i) an

---

² The Arizona Lawsuit was filed on November 30, 2022, and a copy of the complaint filed in that action was attached as Exhibit C to Plaintiff's Complaint and Amended Complaint. *See, e.g.,* Amd. Compl. (Dkt. No. 4), Ex. C.
³ On February 23, 2023, Plaintiff filed an Amended Complaint solely to correct an inadvertent typographical error in the first name of the individual defendant. *See* Amd. Compl. (Dkt. No. 4) (changing first name of individual defendant from "Loop" to "Loo").

3

Amended Complaint had been filed in this case to correct a minor typographical error in the first name of the individual defendant and (ii) because Plaintiff had not received a response to its email of February 22, 2023, Plaintiff intended to move to seek to effect service by publishing notice of the action.  *See* Villeneuve Decl. ¶ 7; Dkt. No. 6-1 at pp. 14–15.

Plaintiff also emailed copies of the Complaint and related court filings to the attorneys who filed the Arizona Lawsuit, purportedly on behalf of "Loo Tze Ming."  *See* Villeneuve Decl. ¶ 6; Ex. B to Villeneuve Decl.  In the email to those attorneys, Plaintiff asked whether they would accept service on behalf of their purported client "Loo Tze Ming."  *See* Villeneuve Decl. ¶ 6; Ex. B to Villeneuve Decl.  The attorneys who filed the Arizona Lawsuit indicated that they "only represent our client in the Arizona District Court matter and are not authorized to accept service on his behalf."  *See* Villeneuve Decl. ¶ 6; Ex. B to Villeneuve Decl.

On March 7, 2023, Plaintiff filed a motion seeking an order directing Plaintiff to publish notice of this action in either *The Washington Times* or *The Washington Post*.  *See* Plaintiff's Motion for an Order to Publish Notice of Action (March 7, 2023) (Dkt. No. 5) ("Plaintiff's Motion for an Order to Publish").  On March 15, 2023, the Court entered an order directing Plaintiff to file by March 29, 2023, a supplemental memorandum in support of Plaintiff's Motion for an Order to Publish responding to specific topics listed by the Court in its order.  *See* Order (March 15, 2023) (Dkt. No. 9).  In the process, the Court noted that "[t]o date, Plaintiff has not requested a summons for Defendant Ming, has not moved for alternative service on Defendant Ming under Fed. R. Civ. P. 4(f)(3), and, to the Court's knowledge, has not otherwise formally served Defendant Ming."  *Id.* at p. 1; *see also id.* at p. 4 ("As stated above, Plaintiff has not requested a summons or otherwise attempted to formally serve Defendant Ming in this matter.").

**ARGUMENT**

Plaintiff fully intends to file a supplemental memorandum in support of its Motion for an Order to Publish by March 29, 2023, in compliance with the Court's Order dated March 15, 2023. In the meantime, and hopefully to expedite this matter, Plaintiff has filed the accompanying motion seeking leave, pursuant to Fed. R. Civ. P. 4(f)(3), to serve the individual defendant "Loo Tze Ming" with process in this case by two alternative means: (1) emailing a copy of the Amended Complaint and Summons to the last known email address associated with the purported registrant of the domain name at issue, which, according to the Arizona Lawsuit, is owned or is controlled by "Loo Tze Ming" and is a means by which "Loo Tze Ming" actually receives notices, as alleged in the Arizona Lawsuit, and (2) emailing and sending by first class mail, postage prepaid, the Amended Complaint and Summons to the attorneys who filed the Arizona Lawsuit purportedly on behalf of and as counsel for "Loo Tze Ming."

As indicated above, the only information Plaintiff knows about defendant "Loo Tze Ming," comes from the Arizona Lawsuit. Other than an allegation in that lawsuit that "Loo Tze Ming" "resid[es] in Selangor, Malaysia" (Ex. C to Amended Compl., ¶ 2), Plaintiff has no specific contact information for "Loo Tze Ming," and the attorneys who filed the Arizona Lawsuit curiously omitted such information from the complaint in that action. In fact, the attorneys who filed the Arizona Lawsuit alleged that their purported client, "Loo Tze Ming," intentionally obscured his identity when allegedly registering the domain name at issue. *Id.*, ¶ 20. Despite the paucity of information known by Plaintiff regarding "Loo Tze Ming," Plaintiff felt it was obliged to identify that purported individual in the Complaint in this action and make the Court aware of the possibility that there was a known individual behind the fictitious entity that registered the domain name at issue.

Under the circumstances, and assuming for the sake of argument that, as alleged in the Arizona Lawsuit, (a) "Loo Tze Ming" is an actual person, (b) that he resides in Malaysia and (c) that he is or controls the registrant of the domain name at issue, then it would follow that "Loo Tze Ming" controls or is affiliated with the email address that was previously listed as the email address for the registrant, namely, localxiy@gmail.com.  Indeed, the complaint filed in the Arizona lawsuit appears to indicate that the registrant of <trx.com> does in fact receive communications via localxiy@gmail.com in stating, "an email notice was sent to the administrative contact email address of Plaintiff's domain name…[but] [b]ecause Plaintiff's domain administrator was not expecting to receive email to that address and the email was in English, the email notice was overlooked by Plaintiff's domain administrator." *Id.*, ¶ 32.

Given the absence of any other contact information for "Loo Tze Ming," his alleged residence in Malaysia and his apparent efforts to obscure his identity or contact information as described above, Plaintiff should be entitled to serve "Loo Tze Ming" by the alternative means specified in the accompanying Motion.

Rule 4(f)(3) of the Federal Rules of Civil Procedure allows service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." F.R.C.P. 4(f)(3). Malaysia is not a signatory of the Hague Convention on the Service of Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). *See*  https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Malaysia.html; Villeneuve Decl. ¶ 10; Ex. C to Villeneuve Decl.  Additionally, Plaintiff is not aware of any other "international agreement" to which Malaysia is a signatory that would preclude the type of alternative service sought by Plaintiff in this Motion.

As this Court has noted, any court-ordered method of service of process must comply with constitutional due process, meaning that a court "must approve a method of service that is 'reasonably calculated' to give notice to defendant." *BP Prods. N. Am. Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005). Service of process through electronic and online communications, such as email and social networking messages, generally satisfy constitutional due process. *See WhosHere, Inc. v. Orun,* No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at *8 2014 WL 670817 (E.D. Va. 2014); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 535 (E.D. Va. 2005).

Here, permitting Plaintiff to serve "Loo Tze Ming" by electronic mail to the email address associated with the registrant that his purported attorneys allege he owns or controls (i.e., localxiy@gmail.com) and by electronic mail and first class mail to the attorneys who filed the Arizona Lawsuit on behalf of "Loo Tze Ming" as his counsel is certainly "'reasonably calculated' to give notice to defendant." *BP Prods. N. Am. Inc.*, 232 F.R.D. at 264.  Plaintiff respectfully submits that service by those means would not violate any international agreement to which "Loo Tze Ming's" alleged country of residence is a party and would comport with constitutional due process and this Court's precedent. *See Overstock.com, Inc v. Visocky*, No. 1:17-cv-1331, 2018 U.S. Dist. LEXIS 179800, at * 7–9 (E.D. Va. Aug. 23, 2018) (holding that service of process via email or other electronic means is permissible on individuals in a foreign country provided that such mechanism of service (i) does not violate any international agreement, (ii) is not specifically objected to by the country of the foreign individual to be served, and (ii) generally satisfies constitutional due process).

Good cause exists to permit the requested alternative means of service on "Loo Tze Ming" because it appears, by his attorneys' own allegation, that he is intentionally using the internet to

operate anonymously and to avoid detection. "Loo Tze Ming's" efforts to conceal his identity are made plain by the fictious information listed for registrant's contact for <trx.com> and by the apparent removal of localxiy@gmail.com from the registrant's contact information on the registrar's website subsequent to the filing of this lawsuit. *See* Villeneuve Decl.¶¶ 2, 9; *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (noting that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."). Absent any known physical address for "Loo Tze Ming," and given the allegations in the Arizona Lawsuit regarding his alleged control of and affiliation with the registrant of the domain name at issue, the email address previously associated with that registrant (i.e., localxiy@gmail.com) is reasonable to use for service of process on "Loo Tze Ming" in this lawsuit.

If this Court grants this Motion and permits Plaintiff to proceed with service on "Loo Tze Ming" through the means described in the Motion, Plaintiff will prepare summonses in accordance with the Court's ruling and present them to the Clerk of Court for consideration and hopefully issuance. Once the summonses are issued, Plaintiff will promptly proceed to serve the summonses and the Amended Complaint on "Loo Tze Ming" in accordance with the court-authorized means.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the accompanying Motion, enter the submitted Proposed Order, and provide Plaintiff such other and further relief as the Court deems just and proper.

Dated: March 23, 2023

/s/Charles F. B. McAleer, Jr.
Charles F.B. McAleer, Jr. (VSB #24430)
Harrison J. Clinton (VSB # 95732)
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, Suite 500
Arlington, Virginia 22201
Telephone: (703) 525-4000
Facsimile: (703) 525-2207
Email: cmcaleer@beankinney.com
        hclinton@beankinney.com

OF COUNSEL

/s/Scott D. Barnett
Scott D. Barnett (*)
HONIGMAN LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, Michigan 48304
Telephone: (248) 566-8300
Facsimile: (248) 566-8315
Email: sbarnett@honigman.com
(*) Admitted *pro hac vice*

*Attorneys for Plaintiff JFXD TRX ACQ LLC d/b/a TRX*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 23rd day of March, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following registrant of the defendant domain name at the email address provided by the registrant to the registrar of the domain name:

localxiy@gmail.com

/s/Charles F. B. McAleer, Jr.
Charles F.B. McAleer, Jr.
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Boulevard, Suite 500
Arlington, Virginia 22201
Telephone: (703) 525-4000
Facsimile: (703) 525-2207
Email: cmcaleer@beankinney.com