UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company,<br><br>    Plaintiff,<br>    v.<br><br><trx.com>, a domain name,<br><br>    and<br><br>Loo Tze Ming, an individual from Malaysia.<br><br>    Defendants. | C.A. No. 1:23-cv-217-CMH/LRV |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ENTRY OF DEFAULT JUDGMENT**

I.     Introduction[1]

The Plaintiff, JFXD TRX ACQ LLC, d/b/a/ TRX ("Plaintiff" or "TRX"), by counsel, hereby moves this Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and under the Anti-Cybersquating Consumer Protection Act, 15 U.S.C. § 1125 (the "ACPA") for default judgment transferring control of the subject domain name <trx.com> to the Plaintiff.

The Defendant Loo Tze Ming (Registrant for trx.com) took control of the subject domain name without authorization of the Plaintiff. The Amended Complaint and Alias Summons were

---

[1] This notice is given in accordance with Local Rule 7 and is consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975):
(1) You are entitled to file a response opposing the motion and any response must be filed within twenty-one (21) days of the date on which this motion is filed;
(2) The Court could enter judgment against you on the basis of this motion if you do not file a response; and
(3) You must identify all facts stated by JFXD TRX ACQ LLC, d/b/a TRX with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and
(4) You are entitled to file a legal brief in opposition to the one filed by JFXD TRX ACQ LLC, d/b/a TRX.

served on the defendant Loo Tze Ming in the manner required by the Court's Order dated April 3, 2023. (Dkt. No. 14.) Notice of service and compliance with the Court Order was filed on April 12, 2023. (Dkt. No. 22.) Defendant has not filed a responsive pleading.

By their default, which has been entered on the docket in this action (Dkt. No. 28), Defendant Loo Tze Ming (Registrant for trx.com) and the Defendant domain name have conceded the truth of the allegations in the complaint filed in this matter. The Plaintiff is, therefore, entitled to default judgment and an order transferring the subject domain name to it.

II.     Statement of Facts

The Plaintiff owns the subject domain name pursuant to an assignment and has, since acquisition, used it in commerce to promote its business, for business email and marketing and to build global customer and investor relationships. (*See* Am. Compl. ¶¶ 11-13.) Based on its many years of use in commerce, the Plaintiff also has common law rights in the subject mark <trx.com>. *Id.*

The Defendant took control of the subject domain name and knew that his registration and use of the domain name would cause confusion among consumers and the public who would mistakenly believe that there existed some connection between Defendant and/or his use of the domain name on the one hand and TRX on the other, when in fact there is none. *(Id.* ¶43.) Defendant's conduct is causing substantial and ongoing damage to the Plaintiff's business *(Id.* ¶53.)

III.    Argument and Authority

Default is appropriate if the well-pleaded allegations of the complaint establish that plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame

set out in the rules. *Hensel Phelps Construction Co. v. Perdomo Industrial, LLC*, 2019 WL 2111530 (E.D.Va. 2019) (citations omitted).  By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for the judgment. *Id.*

No responsive pleadings have been filed in this matter making default judgment appropriate pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The allegations of the Amended Complaint are, therefore, taken as true. The Amended Complaint alleges facts to establish the necessary elements of a claim under 15 U.S.C. § 1125(d).

For its remedy, Plaintiff does not seek monetary damages at this time but simply asks this Court for an order transferring the subject domain name to the Plaintiff.  The Plaintiff, upon receipt of judgment in this matter, requests that the remaining claims be dismissed without prejudice.

    A.    <u>The ACPA</u>

"The ACPA was designed to prevent cybersquatters from registering Internet domain names containing trademarks for the purpose of selling the domain name back to the trademark owner or a third party." *The Prudential Insurance Company of America v. Shenzhen Stone Network* 58 F.4th 785, 791 (4th Cir. 2023).

To prevail on a cybersquatting claim, "a plaintiff must show that (1) the party using the domain name 'had a bad faith intent to profit from using the … domain name'; and (2) the domain name is 'identical or confusingly similar to, or dilutive of [a] distinctive and famous [m]ark.'" *Id.* at 797-98, *citing*, *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

3

1. <u>Bad Faith Intent to Profit from A Mark</u>

Specifically, 15 U.S.C. § 1125(d)(1)(A)(i) requires the Plaintiff to allege bad faith intent to profit from the mark. Sub-sections (B)(i)(I) through (IX) set out a non-exclusive list of factors to be considered by the court to include, but not be limited to, the trademark or other intellectual property rights of the person, if any, in the domain name, and the person's intent to divert customers from the mark owner's online location for commercial or other gain and the person's provision of material and misleading false contact information when applying for the registration of the domain name. *See, The Prudential Insurance Company of America*, 58 F.4th at 798.

Among other things, the Amended Complaint here alleges that defendant: (i) used an alias to register the domain name, (ii) has not asserted any trademark or any other intellectual property rights in the domain name, (iii) has not asserted that the domain name consists of his legal name or a name that is commonly used to identify Defendant; (iv) has made no use of <trx.com> in connection with the bona fide offering of any good or services; (v) filed his own lawsuit which admits he has not used the domain name to advertise exercise services; (vi) has made no bona fide noncommercial or fair us of TRX's TRX Marks in a site accessible under the domain name <trx.com>; and (vii) has offered to sell the domain name for consideration without having used, or having an intent to use the domain name in a bona fide offering of any goods or services, and has a pattern of such conduct. (Am. Compl. ¶¶32-37.) Indeed, Defendants sole goal of the acquisition of the domain name was for profit. (*Id.*, ¶38).

The foregoing allegations, which are deemed admitted, easily satisfy the requirements of 15 U.S.C. § 1125(d)(1)(A)(i). Thus, the first prong of the analysis is met.

2. Confusingly Similar to a Distinctive or Famous Mark

Turning to the second prong of the analysis, "The question under the ACPA is … whether the domain names which [the defendant] registered … are identical or confusingly similar to a plaintiff's mark." *Newport News Holdings Corp.*, 650 F.3d at 437 (citation omitted). Here, Plaintiff alleges, and it is deemed admitted, that the domain name is "identical or virtually identical to and fully incorporated of the famous and highly distinctive TRX Marks." (Am. Compl. ¶42). As such, the Plaintiff satisfies the second prong of the analysis.

## CONCLUSION AND RELIEF REQUESTED

Defendant is in default. He therefore concedes the truth of the allegations set forth in the Amended Complaint. A default judgment should be entered under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

As for the form of the relief, the Plaintiff simply requests an order transferring the subject domain name to the Plaintiff. The Plaintiff, upon receipt of judgment in this matter, requests that the remaining claims be dismissed without prejudice, and for such other relief this Court deems just and fair.

Dated: May 22, 2023　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**JFXD TRX ACQ LLC d/b/a TRX**
　　　　　　　　　　　　　　　　　　　　　　**By Counsel**


　　　　　　　　　　　　　　　　　　　　　　/s/ *Jeffrey S. Poretz*
　　　　　　　　　　　　　　　　　　　　　　Jeffrey S. Poretz (Va. Bar No. 38529)
　　　　　　　　　　　　　　　　　　　　　　1751 Pinnacle Drive, Suite 1500
　　　　　　　　　　　　　　　　　　　　　　Tysons Corner, Virginia 22102-3833
　　　　　　　　　　　　　　　　　　　　　　Telephone:  (703) 903-9000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (703) 610-8686
　　　　　　　　　　　　　　　　　　　　　　jporetz@milesstockbridge.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff JFXD TRX ACQ LLC d/b/a TRX*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 22nd day of May, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following registrant of the defendant domain name at the email address provided by the registrant to the registrar of the domain name:

Loo Tze Ming (by electronic mail)
c/o localxiy@gmail.com

Loo Tze Ming (by electronic mail and certified mail, postage prepaid)
c/o Sean K. Enos
Kenos@iplawusa.com
Jeffrey W. Johnson
jjohnson@iplawusa.com
Schmeiser, Olsen & Watts, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201

Loo Tze Ming (by electronic mail and certified mail, postage prepaid)
c/o John Berry
john@johnberryhill.com
John B. Berryhill, LLC
204 E. Chester Pike
First Floor, Suite 3
Ridley Park, PA 19103

/s/ *Jeffrey S. Poretz*