UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JFXD TRX ACQ LLC,<br>d/b/a TRX,<br><br>      Plaintiff,<br><br>      v.<br><br>&lt;trx.com&gt;, a domain name, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:23-cv-217 (CMH/LRV)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 29), requesting that the Court enter default judgment "against the Defendant Loo Tze Ming and Defendant internet domain name <trx.com>," pursuant to the Anti-cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d). On July 14, 2023, the Court held a hearing on Plaintiff's Motion for Default Judgment, at which no representative for Defendant Ming or the Defendant Domain Name <trx.com> appeared.

Upon review of Plaintiff's memorandum in support of its Motion for Default Judgment (Dkt. No. 30), the Court takes note of the Fourth Circuit's January 2023 decision in *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785 (4th Cir. 2023), which Plaintiff cites on pages 3–4 of its memorandum. Pursuant to that decision, if a mark owner is able to obtain *in personam* jurisdiction over the individual registrant of an infringing domain name in any district within the U.S. at the time a complaint is filed, a mark owner may not proceed *in rem* against the infringing domain name. *See Prudential*, 58 F.4th at 793. The Fourth Circuit in *Prudential* also noted that, under the facts of that case, consent by the registrant's agent to personal jurisdiction in

Arizona district court *after* the complaint was filed in the Eastern District of Virginia did not defeat *in rem* jurisdiction over the domain name in this District, but that it would have been possible to establish *in personam* jurisdiction over the registrant in Arizona if the "registrant [had] decide[d] to challenge an adverse UDRP decision" there. *Id.* In other words, had the registrant challenged an unfavorable UDRP decision in Arizona's federal court before the Eastern District of Virginia suit had been filed, there would have been personal jurisdiction over the registrant in Arizona such that subsequently proceeding *in rem* in this District would have been improper under the ACPA.

In this case, Plaintiff's Amended Complaint incorporates by reference a complaint that Mr. Ming, the individual Defendant in this action, filed in the U.S. District Court for the District of Arizona, regarding the same domain name at issue in this action. (*See* Dkt. No. 4 ¶ 29; Dkt. No. 4-3 (complaint filed by Loo Tze Ming).) Accordingly, by virtue of filing the Arizona complaint—which was filed on November 30, 2022, prior to the filing of this action on February 16, 2023 (Dkt. No. 1)—it appears that Mr. Ming has consented to personal jurisdiction in the District of Arizona. *See Prudential*, 58 F.4th at 793. Additionally, as the Court noted at the July 14 hearing, although Plaintiff's Amended Complaint alleges that this Court has personal jurisdiction over Defendant Ming because he "has registered a domain name comprised of Plaintiff's well known TRX mark in bad faith through the domain name registry operator, Verisign, which is located in this District" (Dkt. No. 4 ¶ 7), this Court has previously held that inclusion of a domain name in the Verisign registry, without more, is "not enough to establish minimum contacts" sufficient to establish personal jurisdiction over the registrant. *See LendingClub Bank v. LendingClub.com*, 122CV484AJTJFA, 2023 WL 2581308, at *5 (E.D. Va. Mar. 20, 2023) ("Even though VeriSign, Inc. ('Verisign') and Public Interest Registry are the registries for defendant domain names, and they are located in this district, 'this is not enough to establish minimum contacts.'" (quoting

*Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 615 (E.D. Va. 2003))).

Accordingly, it is hereby

**ORDERED** that, by August 31, 2023, Plaintiff must file a supplemental memorandum in support of its Motion for Default Judgment that further explains: (1) whether, in light of *LendingClub*, there is a factual basis for asserting personal jurisdiction over Defendant Ming in this District.; and (2) whether Plaintiff can obtain *in personam* jurisdiction over Defendant Ming in the U.S. District Court for the District of Arizona, and, if so, why this action should not be transferred to that court for resolution of Plaintiff's ACPA claim against Defendant Ming under 15 U.S.C. § 1125(d)(1).

**ENTERED** this 16th day of August, 2023.

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia