UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JFXD TRX ACQ LLC, d/b/a TRX,
  a Florida limited liability company,

                      Plaintiff,
        v.                                          C.A. No. 1:23-cv-217-CMH/LRV

<trx.com>, a domain name,

        and

Loo Tze Ming, an individual from Malaysia.

                      Defendants.

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

    Plaintiff, JFXD TRX, ACQ LLC, d/b/a TRX ("TRX"), through counsel, hereby responds

to the Order entered by this Court on August 16, 2023, as follows:

## I.   INTRODUCTION[1]

    On August 16, 2023 (Dkt. No. 38), this Court Ordered Plaintiff, TRX, to file a supplemental

memorandum in support of its Motion for Entry of Default Judgment (Dkt. No. 30) as to (1)

whether, in light of *LendingClub*, there is a factual basis for asserting personal jurisdiction over

Defendant "Ming" in Virginia; and (2) whether plaintiff can obtain *in personam* jurisdiction over

---

[1] This notice is given in accordance with Local Rule 7 and is consistent with the requirements of *Roseboro v. Garrison*,
528 F.2d 309 (4th Cir. 1975):
(1) You are entitled to file a response opposing the motion and any response must be filed within twenty-one (21)
days of the date on which this motion is filed;
(2) The Court could enter judgment against you on the basis of this motion if you do not file a response; and
(3) You must identify all facts stated by JFXD TRX ACQ LLC, d/b/a TRX with which you disagree and must set forth
your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by
filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and
(4) You are entitled to file a legal brief in opposition to the one filed by JFXD TRX ACQ LLC, d/b/a TRX.

Defendant "Ming" in the U.S. District court for the District of Arizona, and if so, why this action should not be transferred to that court for resolution of Plaintiff's ACPA claim against Defendant "Ming" under 15 U.S.C. § 1125(d)(1).  TRX addresses these questions herein and reasserts its request for entry of a default judgment in this case.

## II.     <u>PROCEDURAL BACKGROUND</u>

On or about February 16, 2023, TRX filed an Amended Complaint under the Anti-cybersquatting Consumer Protection Act ("ACPA") under 15 U.S.C. § 1125(d)(2)(a).  The Amended Complaint alleged personal jurisdiction over Defendant "Ming" and *in rem* jurisdiction over the domain. (Dkt. No. 4 at ¶¶7-8).

On or about March 23, 2023, TRX requested this Court enter an order pursuant to FRCP 4(f)(3) permitting service of Defendant "Ming" by alternative means.  (Dkt. No. 10).  Pursuant to that request, this Court concluded that the email address of localxiy@gmail.com satisfied Rule 4's due process requirements and that service via email to that email address is reasonably calculated to notify Defendant "Ming". (Dkt No. 14 ¶3).  In addition, this Court held that service of the Complaint and summons via electronic mail and first-class mail, postage prepaid to "Mr. Ming's" attorneys in the Arizona lawsuit is also reasonably calculated to apprise him of this action. (*Id.*, ¶4).

Pursuant to the above order, TRX complied with the requirements of the Order and provided a Status Report to this Court on or about May 15, 2023. (Dkt. No. 26).  In addition, TRX requested an entry of Default against the Defendants.  (Dkt. No. 27).  On or about May 16, 2023, and in accordance with FRCP Rule 55(a) the Clerk entered a default against Defendants for failure to plead or otherwise defend this suit. (Dkt. No. 28).

On or about May 22, 2023, Plaintiff filed a Motion for Entry of Default Judgement and Memorandum in Support for Default Judgement. (Dkt. Nos. 29 & 30).  In response to the Default Judgement Motion above, the Court issued an order setting a hearing on the same for July 14, 2023.  (Dkt. No. 32).  The hearing proceeded in open court on July 14, 2023, and this Court subsequently granted Plaintiff's Motion for an Order to Publish Notice of Action (Dkt. No. 5) in *The Washington Times* or *The Washington Post* so that TRX could proceed *in rem* against the defendant >trx.com<, a domain name (Dkt. No. 36).  Thereafter, counsel for the undersigned submitted a Declaration certifying compliance with the Order publishing notice of the action. (Dkt. No. 37).

### III.   <u>FACTUAL BACKGROUND</u>

TRX® is a novel U.S. invention created by a Navy Seal made of nylon straps & buckles. Because of its simplicity, TRX is arguably one of the world's most counterfeited, cyber-pirated brand (aside from the fashion or watch industries) and has used the Uniform Domain Name Dispute Resolution Policy (UDRP) extensively over the years to protect its trademark rights.  With this backdrop in mind, the following facts are established by the well-pleaded allegations set forth in the Amended Complaint.  *See Hensel Phelps Construction Co. v. Perdomo Industrial*, LLC, 2019 WL 2111530 (E.D.Va. 2019) (citations omitted).

TRX is a global leader in the fitness industry, providing world class equipment, training, and education to empower and challenge the individual using individual's own body weight. (Dkt. No. 4, ¶10).  TRX owns the identical trademark of the subject domain name pursuant to an assignment and has, since acquisition, used this mark in commerce to promote its business, for business emails, marketing, and to build global customer loyalty. *(Id.,* ¶4).

118822\000001\4894-8492-9661.v1

TRX has shown that (1) the party using the domain name "had a bad faith intent to profit from using the … domain name"; and (2) the domain name is "identical or confusingly similar to, or dilutive of [a] distinctive and famous mark." TRX has shown that the domain name is "identical or virtually identical to and fully incorporated of the famous and highly distinctive TRX marks. (*Id*., ¶42). TRX has shown that the domain name TRX.com is registered with GoDaddy.com and that VeriSign, located in this jurisdiction, is the Registrar. (*Id.* ¶¶8-9). Essentially the same matter, as to the domain name <trx.com>, has been adjudicated in accordance with the Internet Corporation for Assigned Names and Numbers ("ICANN's") UDRP where the tribunal ruled that the domain name is identical to a mark in which TRX has rights. (*Id.*, ¶27, Exh. B). These factual allegations have been admitted by Defendants. (Dkt. No 30, ¶14).

## IV.    <u>ANALYSIS</u>

For the reasons stated below, *LendingClub Bank v. LendingClub.com*, 2023 WL 2581308 (E.D. Va. March 20, 2023) supports TRX's request for entry of a default judgment. In that case, the registrants provided false and misleading contact information and the plaintiff could not obtain *in personam* jurisdiction over the individual(s) in Virginia leading the court to conclude that *in rem* jurisdiction was appropriate. The same is true here. As indicated herein, there is no evidence that "Mr. Ming" actually owns the domain name at issue. Transferring the case to Arizona would potentially prejudice TRX's rights.

### A. *LendingClub* **Supports TRX's Motion For Default Judgment**

*LendingClub* holds that even though VeriSign is in this district, that fact alone (which is alleged here as the basis for *in personam* jurisdiction) is not enough to establish minimum contacts with respect to "Mr. Ming". *See also*, *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F.Supp. 2d 610, 615 (E.D. Va. 2003). That said, Lending Club actually lends support to TRX's request for default judgment. An understanding of the Arizona federal filing by "Mr. Ming" provides context

for this argument.  There, a complaint was filed by "Mr. Ming" (*Loo Tze Ming v. Fitness Anywhere LLC, In the U.S. District Court, District of Arizona (Phoenix Division), Case No.* 2:22-cv-02042-SPL*)* ("Arizona Complaint") on or about November 30, 2022.  A copy of the Arizona Complaint is referenced and attached to the Amended Complaint in this case and is also attached hereto as **Exhibit 1**.  TRX is not a defendant in the Arizona Complaint. Fitness Anywhere LLC is the plaintiff in that case.

In the Arizona Complaint, "Mr. Ming" does not provide a home or business address and simply asserts that he is a "citizen of Malaysia, residing in Selangor, Malaysia."  (Exhibit 1, ¶2). Significantly, as admitted in the Arizona Complaint, the official registrant is not actually "Mr. Ming".  Rather, "an alias" was used for registration purposes.  (*Id.* at ¶4).  In fact, as noted in the instant Amended Complaint, the domain name is registered to "au tuu" located at the street "Iceland" in the city "Iceland" located in the country "IS" with postal code "120."  (E.D. Va., Dkt. No. 4, ¶4).  Indeed, the UDRP decision concluded that the "domain registration information … is incomplete and possibly fictitious….".   (*Id.*, Exh. B at *3).

Equally important, there is no evidence of ownership of the domain name by "Mr. Ming" (other than his naked assertion). This brings us back to *LendingClub*.  There, as here, the defendant domain names did "not reflect the legal name of the registrant(s) domains" and the registrants "provided material and misleading false contact information or used a service to replace the contact information….".   *LendingClub*, 2023 WL 2581308 at * 3.  Similarly, there as here, defendant domain had not engaged in bona fide noncommercial or fair use of any of plaintiff's marks.  (*Id.*) As is the case here, Plaintiff never authorized use of the marks within the defendant domain names or associated websites. Under these facts, the Court in *LendingClub*, determined that *in rem*

jurisdiction was appropriate since the plaintiff could not "prove the registrant(s) established minimum contacts with this jurisdiction." (*Id.* at *5). The same is true here.

There is more to the story. The Arizona Complaint has been stayed and on June 7, 2023, the Arizona Federal District Court entered an Order indicating that it would dismiss the case unless a motion to continue is filed, or a bankruptcy stay (involving a predecessor company) is lifted. (Arizona Case No. 2:22-cv-02042, Dkt. No. 14). A copy of that Order is attached as **Exhibit 2**. As of the date of this filing, "Mr. Ming" has not filed a motion to continue and the bankruptcy stay has not been lifted. And, on August 1, 2023, "Mr. Ming's" attorneys were permitted to withdraw from the case. (Arizona Case No. 2:22-cv-02042, Dkt. No. 16). A copy of the Order permitting withdrawal is attached as **Exhibit 3**. Thus, there is a strong possibility that the Arizona Complaint will be dismissed next week.

Redress therefore properly stands with this Court. If this Court transfers this suit, TRX will be harmed since there will likely be no pending suit to join in Arizona. While "Mr. Ming." *may* have availed himself of jurisdiction in Arizona (see discussion below), there is simply no supported evidence of ownership of the domain by "Mr. Ming". As such, the transfer to Arizona could impair TRX's rights because all that "Mr. Ming" needs to do is to, yet again, not respond as he has in the present case. Thus, TRX would be in a circular loop and must repeat the full ACPA process in another jurisdiction with no ability to confirm if "Mr. Ming" is the owner of the domain. "Mr. Ming" has been given full opportunity to participate in this matter as discussed above and has declined. This behavior should not be rewarded by the court.

As in *LendingClub*, this Court should find that *in rem* jurisdiction is appropriate where "the domain names do not reflect the legal names of the registrant(s) of the domains" and the registrants uses "misleading false contact information….". Since TRX has complied with the Order to publish

Notice of Action (Dkt. 36), and Defendant domain name trx.com has failed to respond within the timeline established by this Court (Dkt. 37), the default judgment should be entered by this Court and the domain name should be transferred to TRX.

B.  **This Case Should Not Be Transferred to Arizona**

The second question posed by this Court is whether TRX can obtain *in personam* jurisdiction over "Mr. Ming" in the US District Court for the District of Arizona, and if so whether the case should be transferred there? The U.S. Ninth Circuit Court of Appeals, where Arizona is, has surveyed the law in other jurisdictions noting that sister courts have concluded, "there is nothing unfair, or violative of due process, about requiring a party that has affirmatively sought the aid of our courts with regard to a particular transaction to jurisdiction in the same forum as a defendant with regard to the same transaction with the same party." *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) (<u>assuming but not deciding</u> the Ninth Circuit would likely follow these sister courts)(emphasis added); *see also, Quantum Energy, Inc. v. PCS Advisors LLC*, 2023 WL 362689 *2 (D. Nev. January 23, 2023).

Thus, there *may* be *in personam* jurisdiction over "Mr. Ming" in Arizona, but as previously stated, TRX does not know if "Mr. Ming" is in fact the owner of the domain. Again, "Mr. Ming" is not the listed registrant of the domain name. Rather, "au tuu" is the registrant. (Dkt. No. 4, ¶4). The registrant "provided false contact information in registering the Domain Name." (*Id.* at ¶5). TRX has expended tremendous resources in navigating through this process while the URL remains unused. If "Mr. Ming" is not the correct owner, then Plaintiff will be put in a position to restart the process of an *in rem* proceeding against the domain and the listed registrant. The Court also has the authority to await the Arizona Court's ruling on September 2, 2023, to determine whether the Arizona case is dismissed as it appears it will likely be. If dismissed, there will be no

pending case involving "Mr. Ming" and there is a risk that the Arizona court may find *in personam* jurisdiction is lacking as to "Mr. Ming" causing further delay and prejudice to TRX.  As such, the Court should not transfer this case to Arizona.

### C.  **TRX is Willing to Dismiss "Mr. Ming" Under Rule 41**

Should the Court agree with the above analysis, TRX is prepared to voluntarily dismiss "Mr. Ming" from the present case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. As this Court is aware, Rule 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without court order where, as here, the defendant has not served an answer or a motion for summary judgment.  The Court also has the authority to enter a Rule 41(a)(2) dismissal under terms it deems proper.

### **CONCLUSION**

TRX respectfully asks this Court to grant a motion for default to Plaintiff with respect to the Defendant URL <trx.com> so this valuable property can be returned to the rightful trademark owner.

Dated: August 31, 2023                              Respectfully submitted,

                                                                   **JFXD TRX ACQ LLC d/b/a TRX**
                                                                   **By Counsel**

                                                                   /s/ *Jeffrey S. Poretz*
                                                                   Jeffrey S. Poretz (Va. Bar No. 38529)
                                                                   1751 Pinnacle Drive, Suite 1500
                                                                   Tysons Corner, Virginia 22102-3833
                                                                   Telephone: (703) 903-9000
                                                                   Facsimile: (703) 610-8686
                                                                   jporetz@milesstockbridge.com

                                                                   *Counsel for Plaintiff JFXD TRX ACQ LLC d/b/a*
                                                                   *TRX*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 31st day of August, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following registrant of the defendant domain name at the email address provided by the registrant to the registrar of the domain name:

> Loo Tze Ming (by electronic mail)
> c/o localxiy@gmail.com
>
> Loo Tze Ming (by electronic mail and certified mail, postage prepaid)
> c/o Sean K. Enos
> Kenos@iplawusa.com
> Jeffrey W. Johnson
> jjohnson@iplawusa.com
> Schmeiser, Olsen & Watts, LLP
> 18 E. University Drive, Suite 101
> Mesa, Arizona 85201
>
> Loo Tze Ming (by electronic mail and certified mail, postage prepaid)
> c/o John Berry
> john@johnberryhill.com
> John B. Berryhill, LLC
> 204 E. Chester Pike
> First Floor, Suite 3
> Ridley Park, PA 19103

/s/ *Jeffrey S. Poretz*

118822\000001\4894-8492-9661.v1