IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company | No. 1:23-cv-217-CMH-LRV |
| Plaintiff, | |
| v. | |
| <trx.com>, a domain name, | |
| and | |
| Loop Tze Ming, an individual from Malaysia | |
| Defendants. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER TO THE DISTRICT OF ARIZONA

Defendant Loo Tze Ming ("Defendant") objects to the jurisdiction of this Court and seeks transfer of this case to the District of Arizona.

This Court is already aware of the core facts underlying this motion that: (1) Plaintiff cannot establish that Defendant is subject to personal jurisdiction in Virginia; (2) Defendant is subject to jurisdiction in Arizona where a parallel proceeding concerning the domain <trx.com> commenced prior to this action; and (3) Plaintiff cannot proceed *in rem* against the domain <trx.com> under the ACPA as the owner of the <trx.com> domain, Mr. Ming, is identified and subject to jurisdiction in another jurisdiction.

Meanwhile, Plaintiff and "Plaintiff's predecessor" are playing a shell game with two different courts as to who actually claims rights in the TRX marks.

Although Defendant could have moved to dismiss this action under Rule 12(b)(2), Defendant instead agrees with the Court's assessment that this case should be transferred to the District of

Arizona for resolution of the entire dispute between Plaintiff, "Plaintiff's predecessor," and Defendant.

## I. STATEMENT OF FACTS

The Court has been previously briefed on the key procedural facts and will only summarize the core issue for this motion.

On or about October 22, 2022, Fitness Anywhere LLC, which Plaintiff identifies as "Plaintiff's predecessor," filed a UDRP complaint seeking transfer of the domain <trx.com>. Defendant, the owner of the domain <trx.com> did not respond to the UDRP proceeding. An administrative panel decision ordered transfer of the <trx.com> domain on or about November 15, 2022.  As provided under 15 U.S.C. § 1114(2)(D), Defendant filed suit against Plaintiff's predecessor on November 30, 2022, to block the transfer of the domain and seek other relief. That case is currently pending in United States District Court for the District of Arizona, *Ming v. Fitness Anywhere LLC*, No. 2:22-cv-02042-SPL.  The case has been stayed pending bankruptcy proceedings of Fitness Anywhere LLC.

The present case was filed by Plaintiff months after the Arizona case, seeking the same relief as "Plaintiff's predecessor" in the UDRP complaint. Despite the Arizona case, Plaintiff has continued to pursue this legal action despite failing to identify any basis for asserting jurisdiction against Defendant.

Concerning the issue of personal jurisdiction, Defendant is not subject to the jurisdiction of Virgina as Defendant does not currently, nor have they ever, had any connection to Virginia. *See* Ming Dec. ¶ 20.[1] Defendant's entire business operations are focused on countries throughout Asia. Defendant has never advertised or contributed to the advertising of any services or goods in Virginia or entered into or negotiated any contracts of the like. *Id.* ¶¶ 30, 41, 44, 46. In fact, all of

---

[1] Reference to "Ming Dec. ¶ ___" refer to references in the Declaration of Loo Tze Ming, dated September 21st, 2023, filed herewith, and the exhibits attached thereto.

Defendant's marketing efforts in seeking buyers for domains acquired are directed by Defendant out of Malaysia. *Id.* ¶ 27.

A defendant's lack of contact with Virginia is consistent throughout all the traditional hallmarks of contacts that are considered in evaluating personal jurisdiction. Defendant has never maintained any office in Virginia and the entirety of Defendant's business documents are maintained in Malaysia. No business records or other documents are kept by Defendant in Virginia. *Id.* ¶ 32. Defendant has never made any services or goods available for sale through the internet targeted towards residents of Virginia nor contracted for the same. *Id.* ¶¶ 28 & 31. Defendant has never invested in any business located in Virginia. *Id.* ¶ 29. To the best of Defendant's knowledge, they do not use any computer servers or other computer hardware located in Virginia. *Id.* ¶ 23. Nor have they ever maintained a personal or professional mailing address, bank account, or loans in Virginia. *Id.* ¶¶ 22, 24, 39. Defendant does not currently ship, nor previously shipped, products into Virginia. *Id.* ¶ 38. Defendant has never had any representative travel to Virginia for business on their behalf. Nor has any representative of Defendant traveled to Virginia to solicit business or participate in any trade show or conference in Virginia. *Id.* ¶¶ 36-37. And though Defendant has traveled to the United States, Defendant has never traveled to the state of Virginia for business or pleasure. See Ming Dec. *Id.* ¶ 26.

The acquisition of the Domain which is the subject of this complaint and the registration of said domain with GoDaddy, occurred outside of the state of Virginia. Further, the domain is registered through GoDaddy, and GoDaddy is not a Virginia entity. *Id.* ¶ 25. GoDaddy's headquarters are located in Arizona and the entity is registered in the state of Delaware. All purchases for domains that Defendant has sold were effectuated by the transfer of funds from the transferee to Defendant's Malaysian bank account. Monies Defendant earns from the sale of domains are deposited into Malaysian bank accounts. To Defendant's knowledge, none of the transferee funds used for the purchase of domains originated from a bank located in Virginia. *Id.* ¶ 40. Defendant does not currently own any domains that are registered through a Virginia-based registrar. Defendant has never owned or transferred any domain that was, at the time of ownership or transfer, registered with a Virginia-based registrar. *Id.* ¶¶ 48-49. Defendant has not filed, nor

directed the filing, of any patent or trademark application with the United States Patent and Trademark Office located in this District. *Id.* ¶ 51. Nor have they engaged representation by an attorney who has an office in Virginia. *Id* ¶52.

Personally, Defendant does not currently own, nor have they previously owned, any real estate or property in Virginia. *Id.* ¶ 21 & 25. Defendant does not have a phone number with any of the Virginia area codes. Nor currently or previously maintained, any telephone listings in Virginia. *Id.* ¶¶ 33 & 34. Defendant has never been required to pay taxes of any kind in Virginia as Defendant has not currently, nor previously, received goods, monies, information, or materials of any kind from anyone in Virginia. *Id* ¶ 42-43.

Defendant has not presently and has never previously availed itself of the privileges and benefits of the laws of Virginia in any matter nor appeared in the Virginia federal or state court system as a litigant. As such, neither Defendant nor any of its representatives have ever appeared in any hearing before this Court. *Id.* ¶¶ 45, 50. Aside from the present case, Defendant has no connection to the state of Virginia whatsoever.

Conversely, the only state in which Defendant has availed itself of the privileges and benefits of the state's laws is the State of Arizona. In 2022, Defendant initiated a lawsuit against Fitness Anywhere LLC concerning its Domain, objecting to a UDRP decision between the same parties. *Id.* ¶ 47.


## II. LEGAL STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and quotation omitted). The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Plaintiff must make a prima-facie showing that personal jurisdiction exists to avoid dismissal. *Id.* When deciding a motion to dismiss for want of personal jurisdiction, the court generally views the facts presented in the light most favorable to the plaintiff. *Id.*

Although a plaintiff is "entitled to have all reasonable inferences from the parties' proof drawn in his favor, district courts are not required . . . to look solely to the plaintiff's proof in drawing those inferences." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993). Rather, the Court need not "credit conclusory allegations or draw farfetched inferences." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 U.S. App. LEXIS 11932, at *4- 5 (4th Cir. 2020) (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). "Where the defendant has provided evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence." *Jackson v. Genuine Data Servs., LLC*, Civil No. 3:21cv211 (DJN), 2022 U.S. Dist. LEXIS 14682, at *3 (E.D. Va. Jan. 26, 2022) (quoting *Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 926 (W.D. Va. 1990)).

For the Court to exercise personal jurisdiction, the standards of both federal due process and the forum state's long-arm statute must be satisfied. *See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code § 8.01-328.1, "extends the jurisdiction of its courts as far as federal due process permits." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute as coterminous standards, only one personal-jurisdiction inquiry is required. *See id*. The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. *Tire Eng'g*, 682 F.3d at 301 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002)).

## III. ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Defendant.

This Court lacks personal jurisdiction over Defendant in this matter. When personal jurisdiction is challenged, the Plaintiff must demonstrate that the Court has general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017); *Int'l Shoe*, 326 U.S. at 316. Plaintiff has failed to plausibly allege that either type of personal jurisdiction applies to Defendant here.

#### 1. This Court Lacks General Jurisdiction over Defendant.

A court has general jurisdiction over a defendant-corporation when it has constant and pervasive, continuous and systematic affiliations with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014); *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Farrar v. McFarlane Aviation, Inc.*, 823 F. App'x. 161, 164-65 (4th Cir. 2020) ("For a corporation, the paradigmatic jurisdictional forum is the corporation's place of incorporation and principal place of business." (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)). Defendant is a Malaysian citizen residing in Malaysia. *See* Ming Dec. ¶ 2. An exhaustive review of all potential "general" contacts with Virginia demonstrates that Defendant does not have *any* contacts with Virginia, much less any that would qualify as continuous or systematic. *Id.* at ¶¶ 20-46, 48-53. General jurisdiction does not apply to Defendant in this matter, and Plaintiff does not plausibly allege otherwise.

#### 2. This Court Lacks Specific Jurisdiction over Defendant.

Specific jurisdiction deals with a defendant's contacts with the forum state relating to the claims pled in the case at hand. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781; *Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, SDN BHD*, 821 F. App'x 243, 244 (4th Cir. 2020) ("Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126

F.3d 617, 626 (4th Cir. 1997))); *Tire Eng'g*, 682 F.3d at 302 ("If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction." (quoting *ALS Scan, Inc.,* 293 F.3d at 712)).

To determine whether specific jurisdiction exists, the Fourth Circuit uses a "three part test in which 'we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (quoting *ALS Scan, Inc.*, 293 F.3d at 712) (quotations and citations omitted).

As this Court has already ruled, the only identified "contact" with Virginia is through the domain name registry operator Verisign. As this Court has held the "inclusion of a domain name in the Verisign registry, without more, is 'not enough to establish minimum contacts' sufficient to establish personal jurisdiction over the registrant." Dkt. 38 at (citing *LendingClub Bank v. LendingClub.com*, 1:22-CV-484-AJT-JFA, 2023 WL 2581308, at *5 (E.D. Va. Mar. 20, 2023)). As Defendant has no other identifiable contacts with Virginia, there is no personal jurisdiction for Plaintiff to maintain an action against Defendant in this Court.

### B. Transferring this matter to the District of Arizona

Although dismissal of an action is warranted under Rule 12(b)(2) where there is no personal jurisdiction, transferring this matter would permit a more economical resolution of this dispute. This would also align with the general principle that "district courts generally favor transfer over dismissal" *Cont'l Cas. Co. v. Argentine Republic*, 893 F.Supp.2d 747, 754 (E.D. Va. 2012) (internal quotation omitted).

There are two separate statutes that permit transfer of this matter. First, 28 U.S.C. § 1406 provides for transfer of "a case laying venue in the wrong division or district" to "any district or division in which [the case] could have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). The Fourth Circuit has interpreted § 1406 broadly and held that transfer under § 1406 may be implemented in a case for lack of personal jurisdiction. *Porter v. Groat*, 840 F.2d 255,

258 (4th Cir. 1988). Additionally, 28 U.S.C. § 1631 provides an independent ground to transfer this case to "any other such court in which the action ... could have been brought at the time it was filed" if "there is a want of jurisdiction" in the Eastern District of Virginia and transfer is "in the interest of justice." *Id.* § 1631. Notably, Section 1631 may be invoked when there is a lack of either personal or subject matter jurisdiction. *Zaletel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 613–14 (E.D. Va. 2016). The standard for transfer under Section 1631 requires a finding that "(1) the proposed transferee court has jurisdiction, (2) the action would have been timely filed had it been brought initially in the transferee court, and (3) transfer would serve the interests of justice." *Afifi v. U.S. Dept. of Interior*, 924 F.2d 61, 64 n.6 (4th Cir. 1991).

Under either statute, this action could have been brought against Defendant in the District of Arizona.  As this Court acknowledges, and Defendant confirms, Defendant is subject to jurisdiction concerning the dispute over the <trx.com> domain given that Defendant filed suit in Arizona, purposely availing himself of the jurisdiction. Although Defendant cannot speak to whether the present action was filed in "good faith" or "bad faith," Defendant overlooks such concerns to avoid the need for further unnecessary filings. *See Cont'l Cas. Co.*, 893 F.Supp.2d at 754 (transfer is favored, because transfer "facilitate[s] a more expeditious resolution of the merits of the controversy in a concededly proper forum and would avoid the costs and delay that would result from dismissal and refiling.") Defendant is a foreign citizen individual residing in a foreign country. He should not be subjected to parallel proceedings in jurisdictions on the opposite sides of the country.

In the interests of justice, this matter should be transferred to the District of Arizona pursuant to 28 U.S.C. §§ 1406 and 1631.

Dated: September 21, 2023                                **BYCER & MARION**


By:   */s/Michael B. Marion*
                Michael B. Marion (Bar No. 035627)
                7220 N. 16th Street, Suite H
                Phoenix, Arizona 85020
                Tel: (602) 944-2277
                michael@bycermarion.com
                *Attorney for Defendant Loo Tze Ming*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) and copy of this document to all counsel of record who are deemed to have consented to electronic service. A copy of the foregoing was also emailed to the following:

Charles F.B. McAleer, Jr.
Harrison J. Clinton
cmacaleer@beankinney.com
hclinton@beankinney.com
BEAN, KINNEY & KORMAN, P.C.
2311 Wilson Blvd., Suite 500
Arlington, VA 22201

Scott D. Barnett
sbarnett@honigman.com
HONIGMAN LLP
39400 Woodward Ave., Suite 101
Bloomfield Hills, MI 48304

　　　　　　　　　　　　　*/s/ Caley B. Pesicka*　　　　　
　　　　　　　　　　　　　Caley B. Pesicka, Paralegal
　　　　　　　　　　　　　Bycer & Marion, PLC
　　　　　　　　　　　　　7220 N. 16th St., Suite H
　　　　　　　　　　　　　Phoenix, AZ 85020
　　　　　　　　　　　　　(602) 944-2277
　　　　　　　　　　　　　caley@bycermarion.com