# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JFXD TRX ACQ LLC, | No. CV-23-02330-PHX-ROS |
| Plaintiff, | **ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |
| v. | |
| trx.com, et al., | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS ORDERED** a Case Management Conference is set for **December 13, 2023, at 10:00 a.m.**, in Courtroom 604, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.  Counsel showing good cause may file a stipulation for telephonic appearance not less than five business days prior to this conference.

**Judge Silver perceives the Case Management Conference as an opportunity to ensure counsel fully understand the Court's expectations and to thoroughly familiarize herself with the facts and law pertaining to the case.  At the conference counsel are to be completely prepared to discuss and explain both the facts and law as set forth in the Proposed Case Management Plan as well as those anticipated to surface during litigation.  The conference is not perfunctory and dialogue with counsel can comprise a considerable amount of time.**

In preparation for this Case Management Conference, it is hereby ordered as

follows:

A. <u>Rule 26(f) Meeting and Case Management Report</u>.

  The parties are directed to meet and confer at least 10 days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f). At this meeting the parties shall develop a joint Case Management Report which contains the information called for in section B below. It shall be the responsibility of the Plaintiff or Plaintiff's counsel to initiate the communication necessary with opposing counsel/parties to schedule the case management meeting and to prepare both the Proposed Case Management Plan and Proposed Scheduling Order.

B. <u>Joint Case Management Report</u>.

  The parties shall jointly file a Case Management Report with the Clerk not less than seven days before the Case Management Conference. The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs.

  1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

  2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

  3. A short statement of the nature of the case (3 pages or less);

  4. The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

9. The status of related cases pending before other courts or other judges of this Court;

10. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

11. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

13. A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties

should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

14. Proposed specific dates for each of the following:

    a. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    b. A deadline for completion of all expert depositions;

    c. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

    d. A deadline for filing dispositive motions.

15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

16. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

17. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure.

C. <u>Case Management Order</u>.

The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause.

As a result of the Case Management Conference, the Court will enter a Scheduling Order. The form of the Court's standard Scheduling Order can be found on the Court's website at https://www.azd.uscourts.gov/sites/azd/files/judge-

orders/ROS_Rule_16_Scheduling_Order.pdf. At the time the Joint Case Management Report is submitted, counsel shall file on the docket and submit a Proposed Scheduling Order in MS Word format to the Court's mailbox at silver_chambers@azd.uscourts.gov. That Proposed Scheduling Order must include the parties' proposed dates already inputted.

The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

D.   Other Matters.

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. The parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1 and 7.2.

The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

Dated this 9th day of November, 2023.

 Honorable Roslyn O. Silver
 Senior United States District Judge