Michael B. Marion (Bar No. 035627)
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com
*Attorney for Defendant*
*Loo Tze Ming*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br><trx.com>, a domain name,<br><br>and<br><br>Loo Tze Ming, an individual from Malaysia,<br><br>Defendant. | No. 2:23-CV-02330-PHX-ROS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  Defendant, Loo Tze Ming, through counsel, hereby submits an Opposition to Plaintiff's Motion for Preliminary Injunction ("Motion") (Dkt. 68), and states as follows:

**<u>INTRODUCTION</u>**

  Plaintiff JFXD TRX ACQ LLC ("JFXD") has come to this Court for one of the most extreme remedies the Court could order—the forced redistribution of a litigant's property while short-circuiting the entire litigation process. JFXD filed its motion to take Defendant's property despite (1) a co-pending matter where a third litigant, Fitness Anywhere LLC, has made a claim to the same domain name; and (2) failing to plead any trademark rights that predate the first registration of the domain. Just five months ago, this Court decided a case on nearly identical

grounds in *Blair v. Automobili Lamborghini SpA*, No. CV-22-01439-PHX-ROS (D. Ariz. July 14, 2023). JFXD is attempting to take Defendant's domain through reverse domain name hijacking as Defendant has superior rights in the <trx.com> domain at issue.

JFXD's claim is even more outrageous given their false implication that JFXD previously owned the <trx.com> domain. *See* Motion at 2 ("TRX wants return of the URL pending trial."). JFXD never owned the <trx.com> domain. JFXD then uses these false allegations to disparage Defendant's legitimate and lawful rights in the <trx.com> domain.

Despite being one of many users of a TRX trademark in the United States, as well as "TRX" being a commonly-understood abbreviation of either transaction or transceiver, Plaintiff JFXD alleges that Defendant's acquisition of the domain name is in violation of the Anticybersquatting Consumer Protection Act ("ACPA" or "15 U.S.C. §1125(d)") violates only their trademark rights [Second Action Compl. ¶ 1]. As a result, JFXD seeks to move this Court for a preliminary injunction requesting the domain name <trx.com> ("domain name") be transferred to JFXD. Defendant respectfully requests that this Court deny Plaintiff's Motion based on the following Opposition.

## LEGAL STANDARD

JFXD moves this Court for a preliminary injunction to take Defendant's lawfully obtained property. To obtain a preliminary injunction, Plaintiff must establish (1) a strong likelihood of success on the merits, (2) a probability that it will suffer irreparable harm in the absence of injunctive relief, (3) that the balance of equities tips sharply in its favor, and (4) that an injunction is in the public interest. *W. Watersheds Project v. Salazar*, 692 F.3d 921, 923 (9th Cir. 2012). Because Plaintiff cannot establish any of these elements, its motion for a preliminary injunction must be denied.

## LEGAL ARGUMENT

## I. JFXD'S CANNOT ESTABLISH A CLAIM UNDER THE ACPA AND THEREFORE CANNOT DEMONSTRATE A STRONG LIKELIHOOD OF SUCCESS ON THE MERITS

### A. The Domain Name's Initial Registration Predates JFXD's Earliest Registration

In order for JFXD to prevail on the merits of their Motion they must prove that (1) the defendant registered, trafficked in, or used a domain name, (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff, and (3) the defendant acted with a bad faith intent to profit from that mark. *Axon Enter, v. Luxury Home Buyers, LLC*, 2:20-cv-01344-JAD-VCF, at *30 (D. Nev. Jul. 19, 2023). But there is a critical caveat to claims under the ACPA:

> Such liability [under the ACPA] possible, however, only when a person other than the trademark owner registers a domain name that is "confusingly similar" to a trademark that "is distinctive at the time" of the domain name's "registration." 15 U.S.C. § 1125(d)(1)(A)(ii)(I). If a trademark is not distinctive at the time of the domain name's "registration," there can be no liability under § 1125. In 2011, the Ninth Circuit addressed "what counts as 'registration'" for purposes of § 1125. *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1030 (9th Cir. 2011).
>
> . . .
>
> The Ninth Circuit concluded "Congress meant 'registration' [in § 1125] to refer only to the initial registration." *GoPets*, 657 F.3d at 1031. Under this interpretation, if a mark is not distinctive at the time of a domain name's "initial registration," liability under § 1125 is not possible.

*Blair v. Automobili Lamborghini SpA*, No. CV-22-01439-PHX-ROS, at *4-5 (D. Ariz. July 14, 2023. The Ninth Circuit found that, once registered, a domain name is a freely alienable property right that can be transferred or sold in any way the owner sees fit. *Id.* at *5 (citing *GoPets*, 657 F.3d at 1031-32).

JFXD makes no allegation that it had any trademark rights, let alone being distinctive, at the time of the initial registration of the <trx.com> domain. JFXD submitted a copy of the WHOIS® database printed on January 23, 2022, for the URL <trx.com>. According to the

3

1  database, the <trx.com> domain name was first registered on **March 6, 1999**. Dec. of Alain
2  Villeneuve ("Villeneuve Dec.") ¶ 6, Ex. C [Dkt. 68-1; 68-4.]

3  Conversely, according to JFXD's motion only states that their earliest registration of a
4  trademark in their Motion dates back to 2007. Memo at 3. In fact, JFXD claims that the
5  product associated with its purported trademark rights was only invented in 2003. *Id.* JFXD
6  makes no allegation, let alone providing substantial proof, that it has trademark rights in its
7  mark that predate March 6, 1999. Under both *Blair* and *GoPets*, JFXD's claim under the
8  ACPA fails as a matter of law. Since JFXD's single claim alleging a violation of the ACPA
9  fails, JFXD does not have a "strong likelihood" it will prevail on the merits.

**B. JFXD's Ownership of the TRX Trademark Rights at the Time of the UDRP Action is Currently in Question**

Additionally, there is a substantial question about the propriety of both this action. In particular, there are two parties that have simultaneous claimed rights in the same trademarks, i.e. the alleged TRX marks. Based on the assignment records at the USPTO, Plaintiff's predecessor assigned its intellectual property rights, including trademarks, to Plaintiff nearly two months before "Plaintiff's predecessor" initiated the UDRP proceeding against trx.com. *See* Dkt. 45-1 (Assignment from Fitness Anywhere to JFXD TRX ACQ LLC at Reel 007847/Frame 0407 filed with the United States Patent and Trademark Office executed August 26, 2022). Either Plaintiff or "Plaintiff's predecessor" is hiding the ball about who actually owns any alleged rights in the TRX marks. The lack of clear ownership of any alleged trademark rights by JFXD further supports finding that JFXD is not likelihood to prevail on the merits.

**II.   JFXD CANNOT SHOW IT IS BEING HARMED BY A CURRENTLY "UNUSED" DOMAIN**

In addition to failing to plead a claim under the ACPA, a preliminary injunction is unwarranted as JFXD has rebutted its own claim of irreparable harm. JFXD states multiple times in its memorandum that the <trx.com> domain is currently "unused" by Defendant. Memo. at

1, 2, 11. Despite a litany of disputes with *other* individuals, JFXD provides no evidence, or even argument, that an "unused" domain creates a likelihood of confusion with the alleged trademark rights. JFXD's own allegations rebut the presumption of irreparable harm by demonstrating there is no possibility of consumer confusion where Defendant is not using the domain. *See Nichino Am., Inc. v. Valent U.S.A., LLC*, 44 F.4th 180, 185 (3d Cir. 2022) ("evidence of consumer confusion could show irreparable harm"). Likewise, JFXD cannot be harmed by its inability to use a domain it has no entitlement to. Failing to show irreparable harm requires denial of the motion for a preliminary injunction.

### III. PUBLIC POLICY FAVORS FOLLOWING *GOPETS* AND RECOGNIZING THE PROPERTY RIGHT OF DOMAIN HOLDERS

Public policy, as elaborated by the Ninth Circuit in *GoPets*, favors the protection of private property rights, which include domains. Since *GoPets* recognizes domains are property rights, "the initial registrant must be free to sell or otherwise transfer that right. A subsequent owner of a domain name should take all the property interests in the domain name, including the right to sue under § 1114 when 'an overreaching trademark owner' prevails in front of an administrative panel and obtains ownership of a domain name." *Blair*, No. CV-22-01439-PHX-ROS, at *8 (quoting *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003). Accepting anything less would abrogate the rights of subsequent owners. Not only would subsequent owners be a Any "re-registration" of a domain name could set off a "race to the courthouse" from competing rights holders. This scenario could play out with the TRX mark, as "more than a dozen different registrants of US registered trademarks for 'TRX' in fields as varied as travel agency services (US TM Reg. No. 2707451), medical transcription services (US TM Reg. No. 2770820), surgical implants (US TM Reg. No. 4975748)." Compl. ¶ 15. Public policy favors the continued recognition of fully alienable private property rights, including domain names.

## IV. **JFXD'S MOTION SHOULD BE DENIED WHILE THE CO-PENDING ACTION IS STAYED PENDING BANKRUPTCY PROCEEDINGS**

This case was transferred to this Court as there was an action already pending concerning the ownership of the <trx.com> domain. The co-pending action, filed by Ming in this Court, is currently stayed pending the bankruptcy proceedings of the Defendant in that action. The Court should deny this motion on the grounds of attempting to circumvent the stay imposed by the bankruptcy proceedings.

## CONCLUSION

For the reasons stated above, an in particular following the decision from *Blair v. Automobili Lamborghini SpA*, No. CV-22-01439-PHX-ROS (D. Ariz. July 14, 2023), Defendant respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Procedure.

Dated this 4th day of December 2023.

**BYCER & MARION**

By: /s/ Michael B. Marion
Michael B. Marion (Bar No. 035627)
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com
*Attorney for Defendant Loo Tze Ming*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anjali J. Patel (SBN 028138)
Tyler Allen Law Firm, PLLC
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
Telephone: (602) 456-0545
Email: Anjali@allenlawaz.com

Alain Villeneuve (pro hac vice)
1420 Fifth Avenue, Suite 2200
Seattle 98101, WA
Telephone (312) 404-1569
Email: avilleneuve@trxtraining.com

/s/ Michael B. Marion
Michael B. Marion
Bycer & Marion, PLC
7220 N. 16th St., Suite H
Phoenix, AZ 85020
(602) 944-2277
michael@bycermarion.com