Alain Villeneuve (admitted *pro hac vice*)
Senior Vice-President & General Counsel of TRX
1420 Fifth Avenue, Suite 2200
Seattle 98101, WA
Telephone (312) 404-1569
Email: avilleneuve@trxtraining.com


Anjali J. Patel
Tyler Allen Law Firm, PLLC
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
602-904-0765 cell
602-456-0545 main
www.allenlawaz.com

Attorneys for Plaintiff JFXD TRX ACQ LLC, dba TRX

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JFXD TRX ACQ LLC, a Florida Limited Liability Company, dba TRX<br><br>             Plaintiff,<br><br>  v.<br><br>trx.com et al.,<br><br>             Defendants. | Case No. 2:23-cv-02330-PHX-ROS<br><br>**TRX'S RESPONSE TO THE MOTION TO CONSOLIDATE (DKT. #70)**<br><br>Judge: Honorable Judge Roslyn O. Silver |

In Response to the Motion to Consolidate (Dkt. #70 in 2:23-cv-02330) (Dkt. #22 in 2:22-cv-02042), TRX offers:

**I.**    **THE SOLE PURPOSE HERE IS TO DELAY, COMPLICATE, AND CREATE HARDSHIP**

This Court cannot be misled. The third legal counsel of the cyber-pirate requests

1

consolidation of a case, where a preliminary injunction is already fully briefed, to keep Judge Silver or this Court from moving forward. It wants to leverage Bankruptcy stay to leverage judicial delays and hardship for money. With a straight face, it argues locking this case alongside one parked case via a bankruptcy stay will not cause additional delay or hardship on TRX, the Chapter 11 purchaser of the brand. TRX also believes (and could be wrong) it faces a false identity forced to delay the merits. Also of note, movant cited a 2023 recent decision of Judge Silver in its own response to the preliminary injunction. Fitness Anywhere LLC's legal entity is already invalid and ready to be dissolved once Chapter 7 is over. TRX acquired the brand over a year ago and has no desire to stand side-by-side with the seller of Chapter 11 assets as the buyer of Chapter 11 assets. Rules on successor liability are fragile and any overlap should be avoided by Courts to help the Chapter 11 asset purchaser. Here there is no common issue of law, Case 22-cv-02042 will be dismissed in favor of the Plaintiff the moment the stay is lifted via default. Consolidation will result in delays, hardship to TRX, and help a foreign pirate hurt a U.S. veteran.

## II.     CASE 22-CV-02042 IS NOT VIABLE

Defendant in case No. 2:22-cv-02042 is Fitness Anywhere LLC, a Delaware entity. It no longer stands in good standing. (See Exhibit MC-1). The legal entity was part of a Chapter 11 process (See U.S. California Central Bankruptcy Court Number 8:22-bk-10948 and related case 8:22-bk-10949) and sold its assets (including the brand and all IP) on August 25, 2022, to JFXD TRX ACQ LLC. (See Exhibit MC-2). On August 29, 2023, the Chapter 11 event morphed to Chapter 7 as the trustee unwinds the last dollars. JFXD TRX ACQ LLC (owned by JFXD Capital LLC) acquired substantially all assets including the brand TRX® and any / all claims associated thereto, including rights under the ACPA. "Debtors are no longer conducting any business activities, and no further purpose is served by administering these estates under Chapter 11." (See Exhibit MC-2). Upon information and belief, Fitness Anywhere LLC is no longer active, has no legal counsel, and cannot litigate. Once the stay is lifted, the case will be dismissed in favor of the pirate. There can be no discovery and no

issue of law decided. The sole purpose of merging is for the cyber-pirate to delay the current ongoing case and benefit from the stay of litigation granted in the case No. 2:22-cv-02042.

Case 2:23-cv-02330 was filed on February 16, 2023. (Dkt. #1), the Attorneys in case 2:22-cv-02042 were served on April 6, 2023, and they let the Virginia Court simmer and waste time until default was secured and September 21, 2023. The third Counsel for the Ming Identity appeared at the 11th hour and move to change venue, wasting six months of the Court's time. This motion for consolidation was not filed alongside or as part of the request for a venue change, the counsel awaited waited from September 21, 2023 to December 4, 2023 to demand the merger on the day a response to the injunction was due. The motion to consolidate has for sole purpose to delay and block Judge Silver from finally looking at the injunction.

### III. THE FALSE "MING IDENTITY"

Normally this case should be about money – strangely it is not. In 2022, TRX engaged with the attorneys of record in the first case with a genuine good faith desire to settle this matter. Since TRX is victim of an insane amount of IP-related fraud, counterfeit, cyber-piracy, and infringement, TRX asked the attorneys to confirm the identity of the Mr. Ming character. Someone else named "au tuu" from Iceland is the Registrant and this invisible party had defaulted at the UDPR. The phone number listed is in Iceland. The rare transfer of a three-letter URL could easily attack impersonators capable of lying to U.S. counsels.

What happened next was pure science-fiction and seems to confirm suspicions. The demand for identity made to the first legal representation cut off any communication. On July 7, 2023, Attorney Johnson moved to withdraw. (Dkt. #15-17). A strange "withdrawal of counsel" letter with a strange new email address and street address was offered, not even the email of the official Registrant. The address is not, to put it mildly the house of a Malaysian citizen able to pay $138,000 for a "digital investment." A second counsel, Mr. Kenneth Michael Motolenich-Salas, from the firm MotoSalas Law, PLLC appeared at the 11th hour in the old case. (Dkt. #18). Strangely, on September 21, 2023, a third lawyer (Mr. Michael

Mario) appeared and moved for the transfer also unable to provide any evidence of identity. TRX asked for jurisdictional discovery in Virginia and plans to ask ownership and identity as soon as possible here. (Dkt. #55).

## IV. A PRELIMINARY INJUNCTION IS FULLY BRIEFED

In the pleading of case 2:22-cv-02042, the counsels for the Ming Identity filed a sworn pleading admitting the URL has no purpose but digital investment. In the preliminary injunction (Dkt. #68, #72, and #74), TRX® demands use of the digital investment as this case unfolds. TRX can make this foreign identity whole at trial, but the reverse is not true. The pirate or the false identity benefits from delays upon delays and the bankruptcy stay gives it perfect shelter. The URL has never been used and remain unused today.[1]

## V. TRX NOTES JUDGE SILVER HAS RECENT AND DIRECT ACPA EXPERIENCE

As part of the Response to the Injunction filed by the attorney of the Ming Identity (Dkt. #72), the case of *Blair v. Automobili Lamborghini SpA*, No. CV-22-01439-PHX-ROS (D. Arix. July 14, 2023) is offered by the counsel in defense of the Ming Identity. While TRX has nothing but the greatest regard for every Judge of this Jurisdiction, it notes a convenient coincidence Judge Silver appears to have reviewed a relevant cyber-piracy under the ACPA as recently as six months ago, a suggestion judicial efficiency in this District remains with a non-consolidation.

## VI. THIS COURT KNOWS BETTER THAN TO CONNECT A CHAPTER 11 SELLER WITH A CHAPTER 11 BUYER IN THE SAME ACTION

This Court must know the delicate balance drawn by law between a Chapter 11 seller and a Chapter 11 winning bidder. The law severs liability, disturbs warranties, and leaves creditors of the Chapter 11 seller to try and mend relationships with the Chapter 11 buyer. Successor liability is severed but a fragile legal concept. If a case exists listing both the Chapter 11 seller and the Chapter 11 buyer in the same case, open to the same discovery

---

[1] TRX also prepared a draft case management report as requested by the Court. Two emails and phone calls were unsuccessful to even get counsel for the Ming Identity to respond. The current motion to consolidate and the response to the injunction were filed without any contact between counsels in clear violation of Judge Silver's earlier guidance.

process, this could create adverse repercussions on every party involved in the Chapter 11 process (now a Chapter 7). The analogy here is simple: A couple's car was taken by a third-party, this party illegally using the car points to a divorce proceeding to keep use of the car.

## VII.   THERE IS NO COMMON LEGAL QUESTION

Federal Rule 42(a) and this district's Local Rule 42-l(b) authorize courts to consolidate related cases, either sua sponte or upon motion, when those cases involve a common question of law or fact. A court has broad discretion under Rule 42 when determining whether to consolidate actions pending in the same district. *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal*, 877 F.2d 777, 777 (9th Cir. 1989). As shown, Fitness Anywhere LLC is in the last moments of Chapter 7. The legal entity has no representation and is already out of status. It does not own any mark, any rights and will not litigate. It will be dissolved.

## VIII.   THIS CONSOLIDATION IS ABOUT DELAY, NOT CONVENIENCE

"If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)." The cyber-piracy act is about the return or the quiet title over the ownership of URL's. In this case, an unused URL admitted to be an investment. There will be no saving of time or effort in the consolidation, but only a delay to TRX's current efforts and preliminary injunction. Here, the prejudice continues as TRX sees its brand's URL, parked at GoDaddy Inc. and it litigates. It has no control over the delays of the Chapter 7. Consolidation could block the URL for a decade.

## IX.   CONCLUSION

The old TRX died sadly in large part because it was victim of thousands of infringements, counterfeits, and cyber-pirates yearly. The new buyers of the brand have saddled up and with the help of this Court, will get this URL if a violation of the ACPA is found. The Registrant of this URL is "au tuu" from Iceland. That party defaulted. Now, an unproven and unverified seems to be shopping lawyer after lawyer to avoid the inevitable.

5

TRX'S RESPONSE TO THE MOTION TO CONSOLIDATE

CASE NO. 4:23-cv-02330 / CASE NO. 2:22-cv-02042

Senator McCain (missed dearly), was in the judicial committee and part of the sponsors of the ACPA. He wanted to protect brand owners like TRX from pirates. The purpose of the Act is to help with jurisdiction, service, and injunctive relief against invisible and elusive pirates playing with brands as "digital assets."

Dated:  December 10, 2023

By: */ s / Alain Villeneuve (pro hac)*
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify on December 10, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Michael B. Marion
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
michael@bycelmarion.com
*Attorney for Defendant Loo Tze Ming*

_____

TRX'S RESPONSE TO THE MOTION TO CONSOLIDATE                     CASE NO. 4:23-cv-02330 / CASE NO. 2:22-cv-02042