**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JFXD TRX ACQ LLC, | No. CV-23-02330-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| trx.com, et al., | |
| Defendants. | |

Plaintiff JFXD TRX ACQ LLC ("JFXD") seeks a preliminary injunction ordering transfer of the domain name <trx.com> to JFXD pending resolution of this suit. (Doc. 68). Defendant Loo Tze Ming, the current owner of <trx.com>, opposes that request. (Doc. 72). JFXD has not established a likelihood of success on the merits and the request for a preliminary injunction will be denied.

## BACKGROUND

Understanding the current case requires reference to filings made in this case as well as an earlier-filed case involving a party related to JFXD. CV-22-2042-SPL. Based on those filings, it is undisputed the domain name <trx.com> was first registered in 1999 by an unknown third party. Neither case identifies the owner of <trx.com> after that date until April 2022 when Ming purchased <trx.com> from an online brokerage. The most crucial events for purposes of the present suit occurred long before Ming purchased <trx.com>.

In 2003, approximately four years after <trx.com> was first registered, nonparty Randal Hetrick invented "the famous gym product called TRX." (Doc. 68 at 3). Mr.

1  Hetrick began selling that gym product through a company known as Fitness Anywhere
2  LLC. Over the following years, Fitness Anywhere obtained and used numerous trademarks
3  involving the letters "TRX." (Doc. 68 at 3). In June 2022, Fitness Anywhere filed for
4  Chapter 11 reorganization. (CV-22-2042, Doc. 11-1). In August 2022, JFXD purchased
5  all of Fitness Anywhere's assets, including its intellectual property such as trademarks.
6  (Doc. 23-2330 Doc. 74-3). Despite ostensibly selling all its assets, in October 2022, Fitness
7  Anywhere filed a domain name dispute with a nongovernmental entity. (Doc. 68-2). That
8  dispute was filed by attorney Alain Villeneuve on behalf of Fitness Anywhere. As the
9  owner of <trx.com>, Ming should have received notice of that dispute. Ming alleges he
10  did not receive notice and, therefore, he did not participate in that dispute. In November
11  2022, a decision was issued by the nongovernmental entity concluding <trx.com> should
12  be transferred to Fitness Anywhere unless Ming filed suit in Arizona. (CV-22-2042 Doc.
13  1). Ming received notice of that decision and on November 30, 2022, Ming filed suit in
14  Arizona against Fitness Anywhere.

15  Ming's complaint sought a determination he was entitled to remain the owner of
16  <trx.com>. That case was assigned to Judge Logan. After filing his complaint, Ming
17  obtained a waiver of service from Fitness Anywhere, signed by Mr. Villeneuve. (CV-22-
18  2042 Doc. 8). Despite waiving service, Fitness Anywhere did not respond to the complaint.
19  Instead, on February 3, 2023, Mr. Villeneuve emailed Judge Logan's chambers stating
20  Fitness Anywhere had declared bankruptcy in June 2022. Mr. Villeneuve's email also
21  stated he was "the general counsel of JFXD . . . the purchaser of the Chapter 11 assets" and
22  he was unable to determine "the optimal way" to file notice of Fitness Anywhere's
23  bankruptcy. (CV-22-2042 Doc. 11-1). Given that Mr. Villeneuve was general counsel for
24  JFXD, it is not clear why he was responsible for filing notice regarding Fitness Anywhere's
25  bankruptcy. At any rate, Judge Logan stayed the case against Fitness Anywhere pending
26  resolution of the bankruptcy.

27  Shortly after Mr. Villeneuve emailed Judge Logan's chambers, JFXD filed the
28  present suit in the Eastern District of Virginia. JFXD's complaint asserted a cybersquatting

claim against <trx.com> and Ming. According to JFXD, <trx.com> is "identical to or confusingly similar to or dilutive of the TRX marks." (Doc. 1 at 12). In addition, Ming allegedly has a "bad faith intent to profit from" misusing <trx.com>. (Doc. 1 at 12). The complaint sought transfer of <trx.com> to JFXD as well as an award of statutory damages. Ming requested a change of venue, and the case was transferred to Arizona. (Doc. 41, 59).

After the case arrived in Arizona, JFXD filed a motion for preliminary injunction. JFXD is represented by Mr. Villeneuve. The motion seeks an order requiring the immediate transfer of <trx.com> to JFXD. Ming filed an opposition, primarily arguing <trx.com> was first registered years before the TRX gym product was invented. Based on that, Ming argues JFXD's cybersquatting claim has no chance of success and no preliminary injunction should be issued.

## ANALYSIS

There are two slightly different tests for determining whether to grant a preliminary injunction. Under the first test, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Under the second test, a plaintiff must show there are "serious questions going to the merits," the balance of hardships tip sharply in his favor, there is a likelihood of irreparable injury, and the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). This second "sliding scale" test allows a plaintiff to make a lesser showing of likelihood of success provided he will suffer substantial harm in the absence of relief. *Id.* at 1133. While these two tests differ on how much likelihood of success must be shown, neither test allows a court to issue a preliminary injunction when the papers establish there is no likelihood of success. That is the situation here.

JFXD's claim for cybersquatting under 18 U.S.C. § 1125(d) depends on when <trx.com> was first registered and when the TRX-related trademarks came into existence. As the Court explained in a recent unrelated case, liability for cybersquatting is possible

"only when a person other than the trademark owner registers a domain name that is confusingly similar to a trademark that is distinctive at the time of the domain name's registration." *Blair v. Automobili Lamborghini SpA*, 2023 WL 4548352, at *2 (D. Ariz. July 14, 2023). In other words, if a domain name is registered before a particular trademark exists, the trademark owner cannot assert a viable cybersquatting claim against the domain name owner.

Here, it is undisputed <trx.com> was first registered in 1999 and JFXD's main gym product was not invented until four years later. JFXD does not argue its various TRX-related trademarks predate the product's invention. Therefore, based on the present record, JFXD's cybersquatting claim cannot succeed. Because JFXD has not established a likelihood of success on the merits, the motion for preliminary injunction must be denied.

The docket does not reflect a response to the complaint either in the form of an answer or a motion to dismiss. Given the seemingly undisputed facts that <trx.com> was initially registered in 1999 and the TRX-related marks did not exist until years later, JFXD's cybersquatting claim does not appear to state a claim on which relief might be granted. JFXD will be required to file a statement setting forth why its claim is viable in light of Ninth Circuit authority. *See GoPets Ltd. v. Hise*, 657 F.3d 1024, 1032 (9th Cir. 2011) ("Because Edward Hise registered gopets.com in 1999, long before GoPets Ltd. registered its service mark, Digital Overture's re-registration and continued ownership of gopets.com does not violate § 1125(d)(1)."). In its response, JFXD must also address the following.

The filings in this case, as well as the filings in the case pending before Judge Logan, show some confusion regarding the current owner of the TRX-related property and the proper defendant for Ming's challenge to the order transferring <trx.com>. According to statements made by Mr. Villeneuve, Fitness Anywhere owned all TRX-related property, including the TRX trademarks, until it sold that property to JFXD in August 2022. Despite no longer owning any TRX-related property, in October 2022 Mr. Villeneuve initiated a domain name dispute proceeding on behalf of Fitness Anywhere. During those

proceedings Mr. Villeneuve stated Fitness Anywhere was "the owner of the famous trademark TRX." (Doc. 68-2 at 4). That administrative proceeding resulted in an order that <trx.com> be transferred to Fitness Anywhere. If Fitness Anywhere no longer owned the TRX-related property prior to the administrative proceeding, it would appear the transfer order was improper. If, however, Fitness Anywhere did own the property and continued to own the property, Ming's claims against Fitness Anywhere pending before Judge Logan are the proper avenue for resolving ownership of <trx.com>. In that situation, however, JFXD's current complaint is improper because JFXD does not own the TRX-related property. In explaining why its complaint does not state a claim for relief, JFXD must explain the conflicting positions adopted by Mr. Villeneuve. In particular, JFXD must explain whether Fitness Anywhere owned any TRX-related property at the time Mr. Villenueve stated Fitness Anywhere "is the owner of the famous trademark TRX." (Doc. 68-2 at 4).

Accordingly,

**IT IS ORDERED** the Motion for Preliminary Injunction (Doc. 68) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **January 18, 2024**, Plaintiff shall file a statement explaining how its cybersquatting claim is viable. No later than **January 25, 2024**, Defendant shall file a response. Defendant need not file any response to the complaint pending further Order by the Court.

**IT IS FURTHER ORDERED** the case management conference set for **January 12, 2024**, is **VACATED** to be reset if necessary.

**IT IS FURTHER ORDERED** the Stipulation (Doc. 81) is **DENIED AS MOOT**.

Dated this 8th day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge