**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JFXD TRX ACQ LLC, | No. CV-23-02330-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| trx.com, et al., | |
| Defendants. | |

Over the past two months, the Court has been attempting to determine whether Plaintiff's cybersquatting claim involving <trx.com> is viable. In analyzing Plaintiff's request for a preliminary injunction, the Court noted the record at that time established Plaintiff's cybersquatting claim was not viable. Based on that, the Court ordered Plaintiff to explain the legal and factual basis for its cybersquatting claim. (Doc. 82). The Court also ordered Plaintiff's counsel, Alain Villeneuve, to explain his contradictory statements regarding ownership of the TRX-related trademarks. (Doc. 82).

On January 18, 2024, Plaintiff filed a brief setting forth its theory how its cybersquatting claim was viable. (Doc. 83). Mr. Villeneuve, however, ignored the Order directing him to explain his contradictory statements. On February 12, 2024, the Court addressed Plaintiff's brief regarding the cybersquatting claim. Despite significant difficulty in understanding Plaintiff's filing, the Court concluded Plaintiff believed "the registration of <trx.com> expired, <trx.com> became available to the public, and <trx.com> was registered again." (Doc. 85 at 2). The Court noted Plaintiff's complaint

did not allege facts supporting this sequence of events. The Court allowed Plaintiff to amend its complaint but specifically instructed Plaintiff the amended complaint would need to "allege facts establishing when three crucial events occurred: 1) when <trx.com> was first registered; 2) when the registration of <trx.com> expired and the domain name became available to the public; and 3) when <trx.com> was registered again." (Doc. 85 at 2). The Court also noted Mr. Villeneuve had ignored the previous Order requiring an explanation of his contradictory statements. The Court ordered Mr. Villeneuve to file an explanation at the same time the amended complaint was filed. (Doc. 85 at 2).

On February 21, 2024, Plaintiff filed its amended complaint. The only new allegations relevant to the viability of Plaintiff's cybersquatting claim are "[u]pon information and belief, in the period of 2018 to 2022, the URL <trx.com> would have expired and returned to the public domain, and in 2022, it was purchased by [Defendant Loo Tze Ming] from the public domain subsequent to the senior rights of TRX."[1] (Doc. 86 at 16). These allegations do not remedy the flaws previously identified by the Court.

Plaintiff's allegations appear to be based on a misunderstanding of how the domain name system operates. As explained by the Ninth Circuit,

> there are three primary actors in the domain name system. First, companies called "registries" operate a database (or "registry") for all domain names within the scope of their authority. Second, companies called "registrars" register domain names with registries on behalf of those who own the names. Registrars maintain an ownership record for each domain name they have registered with a registry. Action by a registrar is needed to transfer ownership of a domain name from one registrant to another. Third, individuals and companies called "registrants" own the domain names. Registrants interact with the registrars, who in turn interact with the registries.

*Off. Depot Inc. v. Zuccarini*, 596 F.3d 696, 699 (9th Cir. 2010).

---

[1] Plaintiff continues to use the term "public domain" when referring to the registration of a domain name. That is not a correct usage of the term "public domain." "Public domain" refers to "the status of an invention, creative work, commercial symbol, or any other creation that is not protected by any form of intellectual property." *McCarthy on Trademarks and Unfair Competition* § 1:23. Plaintiff is not using "public domain" to refer to any type of intellectual property protection. Instead, Plaintiff appears to be describing domain names as in the "public domain" if the domain names are not currently registered such that any member of the public may choose to register them for a nominal amount.

- 2 -

The amended complaint alleges the registration of <trx.com> lapsed and it was "purchased by Defendant from the public domain" in 2022. Plaintiff appears to be alleging the domain name <trx.com> was available for anyone to register when Defendant registered the domain name with a registrar. But Plaintiff has already argued that registering a publicly available domain name with a registrar costs $19.99 per year. (Doc. 83 at 5). Plaintiff has also argued Defendant purchased <trx.com> for $138,000. (Doc. 68 at 5; Doc. 83 at 7). Thus, the amount paid by Defendant for <trx.com> establishes Defendant did not register <trx.com> in 2022 with a registrar. Instead, as Defendant has repeatedly claimed, the purchase price shows Defendant bought the domain name on the secondary market.

Given Plaintiff's allegations and arguments, the amended complaint does not contain allegations making it plausible the registration of <trx.com> lapsed and the domain name became available to any member of the public. Without plausible allegations establishing the registration of <trx.com> lapsed, Ninth Circuit authority precludes Plaintiff's cybersquatting claim. *GoPets Ltd. v. Hise*, 657 F.3d 1024 (9th Cir. 2011) (holding subsequent owners of domain name have all rights enjoyed by original registrants). Plaintiff was given the opportunity to allege additional facts but was unable to do so. Thus, dismissal without leave to amend is appropriate.

Mr. Villeneuve has not yet explained his contradictory statements regarding ownership of the crucial TRX-related property. As explained in a previous Order, Mr. Villeneuve previously stated the company Fitness Anywhere owned all TRX-related property, including the TRX trademarks, until August 2022. That month Fitness Anywhere allegedly sold all its property to current Plaintiff JFXD. Despite that sale, in October 2022 Mr. Villeneuve initiated a domain name dispute proceeding on behalf of Fitness Anywhere. During those proceedings Mr. Villeneuve stated Fitness Anywhere was "the owner of the famous trademark TRX." (Doc. 68-2 at 4). That proceeding ended with an order requiring <trx.com> be transferred to Fitness Anywhere.

If Fitness Anywhere did not own "the famous trademark TRX" as of October 2022,

Mr. Villeneuve's statement in the dispute resolution proceeding was false. Alternatively, if that statement was accurate and Fitness Anywhere continues to own "the famous trademark TRX," Mr. Villeneuve's statements in this case that Plaintiff JFXD owns the domain name have been false.

On February 21, 2024, Mr. Villeneuve emailed a letter to the chambers' inbox attempting to explain his contradictory statements. Submitting the letter via email was improper. As explained in the Electronic Case Filing Administrative Policies and Procedures Manual, the chambers' email "addresses are to be used only for sending proposed orders," and not for any other purpose.[2] In addition, if Mr. Villeneuve sent the letter only to the Court, the letter was an improper ex parte communication. Mr. Villeneuve must not send any communications other than proposed orders to the chambers' email address. All communications with the Court must be filed on the docket.

As for the contents of Mr. Villeneuve's letter, it is largely indecipherable. The letter appears to state that as of October 2022, Mr. Villeneuve was not aware that his client, Fitness Anywhere, had declared bankruptcy and sold its assets. Thus, Mr. Villeneuve appears to be stating he initiated the domain name dispute proceeding on behalf of a client that no longer owned the relevant property. There is no explanation how an attorney might be unaware that his client had declared bankruptcy and sold off all the property relevant to the attorney's work. The letter contains a variety of additional statements, but the Court is unable to understand what Mr. Villeneuve is attempting to convey. All that can be determined is that Mr. Villeneuve still has not explained why he stated Fitness Anywhere owned the TRX trademark months after Fitness Anywhere sold all its assets. But this issue is now moot because the case will be dismissed.

Accordingly,

**IT IS ORDERED** the Amended Complaint (Doc. 86) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close this case.

…

---

[2] https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf, page 10.

- 4 -

**IT IS FURTHER ORDERED** the Clerk of Court shall file the letter received from Mr. Villeneuve.

Dated this 26th day of February, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge