Kenneth M. Motolenich-Salas (Bar No. 027499)
**MOTOSALAS LAW, PLLC**
16210 North 63rd Street
Scottsdale, AZ 85254
Tel: (202) 257-3720
ken@motosalaslaw.com

Michael B. Marion (Bar No. 035627)
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com

*Attorneys for Defendant*
*Loo Tze Ming and trx.com*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JFXD TRX ACQ LLC, a Florida limited liability company, d/b/a TRX,<br><br>Plaintiff,<br><br>v.<br><br><trx.com>, a domain name,<br><br>and<br><br>Loo Tze Ming, an individual from Malaysia,<br><br>Defendants. | No. 2:23-CV-02330-PHX-ROS<br><br>**DEFENDANTS' REPLY TO MOTION FOR ATTORNEY'S FEES** |

Defendant Loo Tze Ming and trx.com ("Ming"), by and through counsel, hereby files its Reply to Defendants' Motion for Attorney's Fees and Non-Taxable Expenses Pursuant to LRCiv 54.2 and 15 U.S.C. § 1117(a) (Doc. 95) (the "Motion").

The "Gish Gallop" is a rhetorical technique in a debate where the debater attempts to overwhelm his opponent by making an excessive number of arguments with no regard for the accuracy or strength of those arguments. See "Gish Gallop," Rational Wiki (available at

rationalwiki.org/wiki/Gish_Gallop (last accessed on April 26, 2024)). JFXD's entire litigation strategy has been a Gish Gallop—using an amalgamation of irrelevant facts, erroneous legal authority, and reversed positions in the hopes of overwhelming Defendant, attempting to unlawfully take Defendant's property.

JFXD's Opposition to Plaintiff's Motion for Attorney Fees (Doc. 99) ("Opposition" or "Opp.") attempts this trick one more time, arguing legal standards that are clearly wrong while attempting to make the same arguments the Court rejected already. Much as with JFXD's prior filings, Defendant cannot decipher a significant portion of what JFXD is attempting to argue in its briefing. Nonetheless, Defendant will attempt to identify key faults in the Opposition as part of further demonstrating the unreasonable manner in which JFXD has litigated this case, making this case exceptional under the Lanham Act.

## I. JFXD RELIES ON THE OVERRULED STANDARD FOR EXCEPTIONAL CASES POST-*OCTANE* FITNESS

In its Opposition, JFXD twice claims that the standard for exceptional cases requires "a plaintiff show that a defendant engaged in '<u>malicious, fraudulent, deliberate or willful</u>' infringement." Opp at. 2, 13. This standard is unequivocally wrong. The Ninth Circuit specifically overruled the narrower "malicious, fraudulent, deliberate or willful" in 2016, after the Supreme Court's rulings in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) and *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014):

> We . . . conclude that *Octane Fitness* and *Highmark* have altered the analysis of fee applications under the Lanham Act. Therefore, district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, *Octane Fitness*, 134 S.Ct. at 1756, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty* [*v. Fantasy, Inc.*, 510 U.S. 517 (1994), and using a preponderance of the evidence standard.

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc).

Shockingly, JFXD cites the *SunEarth* case in its Opposition (Opp at. 2, 13), but failed to cite the correct standard from the case. It is readily apparent that JFXD failed to review

*SunEarth* decision, as the Ninth Circuit as clear in its first sentence of the opinion that it was changing the standard for "exceptional" cases. *Id.* at 1180 ("We voted to rehear this case *en banc* to reconsider our jurisprudence concerning fee awards in cases filed pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq."). The standard for exceptional cases under the Lanham Act is that it must be exceptional given the "totality of the circumstances," and not the standard cited by JFXD.

## II. JFXD WRONGLY CLAIMS FOURTH CIRCUIT LAW CONTROLS THIS CASE

JFXD makes a second clear misstatement of the law in its Opposition that the law of Virginia applies to the case, when it unambiguously does not.

In its Opposition, JFXD claims that "The controlling law is the 2nd Circuit, not the 9th Circuit. *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1026 (9th Cir. 2011) is not controlling, *Prudential Insurance Company of America v. Shenzhen Stone Network Information Ltd.*, 2023 WL 367217 (4th Cir. 2023) is the law to this case." Opp. at 4. Just with JFXD's claim of the standard for "exceptional" cases, JFXD is also wrong on which court's law controls.

JFXD is correct that when a case is transferred under 28 U.S.C. § 1404(a), the law of the transferor court applies to the case under *Van Dusen v. Barrack*, 376 U.S. 612 (1964). However, this case was not transferred under Section 1404. The Eastern District of Virginia concluded that there was no personal jurisdiction over Ming in Virginia. (Doc. 59). Accordingly, the Court transferred this action to Arizona under 28 U.S.C. § 1406 or 28 U.S.C. § 1631.  When a case is transferred to "cure a lack of personal jurisdiction in the district where the case was first brought" the Court must apply the law of the transferee court, namely Arizona. *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (doing so prevent[s] forum shopping, and to deny plaintiffs choice-of-law advantages to which they would not have been entitled in the proper forum."); *see also Schmitt v. Marto*, No. CV-18-02579-PHX-SMB, 2019 WL 1059992, at *1 (D. Ariz. Mar. 6, 2019) ("In cases that are transferred to another District to cure a lack of personal jurisdiction, the law of the transferee state should apply."); *McKay v.*

3

*BMO Harris Bank, N.A.*, No. CV-15-02222-PHX-SPL, 2017 WL 3723547, at *2 (D. Ariz. Mar. 24, 2017) (reviewing transfer Order, finding facts supported transfer under § 1406, and concluding "*Van Dusen* is inapposite here").

It must be noted that JFXD makes this baseless claim of needing to apply Virginia law in this case direct contravention of its prior positions in this case. JFXD previously relied exclusively on Ninth Circuit law in its (1) Motion for Preliminary Injunction (Doc. 68); and (2) its Statement in Support of ACPA Claim (Doc. 83). Nowhere prior to its Opposition did JFXD argue that Fourth Circuit law applied in this case. And then, as quickly as the argument appears, JFXD reverses its position again, arguing in the next section that the Ninth Circuit *GoPets* case controls and demands reversal thereof. JFXD's attempt to take multiple, contrary positions on the same issue show the unreasonable manner in which JFXD has litigated this case.

### III.    JFXD FINALLY CONCEDES THAT *GOPETS* IS BINDING AND IS FATAL TO ITS ACPA CLAIM

In addition to reversing positions on which court's law applies in this case, JFXD finally acknowledges, at least implicitly, that the holding in *GoPets* is controlling and irreconcilable with its pleaded claim.

To get around the intractable obstacle of *GoPets*, JFXD's Opposition admits that the only way it can prevail in its ACPA is through reversal of the Ninth Circuit precedent. Opp. at 4-5. This is in stark contrast with JFXD's prior positions in this case, where JFXD continued to maintain the holding *GoPets* permitted its claim.

In its Reply to its Motion for a preliminary injunction, JFXD first argued that Defendant's purchase of trx.com was a new "registration" under *GoPets* and therefore its trademark rights were established prior to Defendant's purchase of <trx.com>. (Doc. 74 at 3). The Court rejected this reimagining of *GoPets*, finding that since "<trx.com> was initially registered in 1999 and the TRX-related marks did not exist until years later, JFXD's cybersquatting claim does not appear to state a claim on which relief might be granted. (Doc. 82 at 4). JFXD made a second attempt to argue that *GoPets* provide JFXD with a viable claim

4

despite having inferior trademark rights to the registration of the <trx.com> domain, making a new argument the registration of <trx.com> had expired. (Doc. 85 at 2). The Court granted leave for JFXD to plead factual allegations in support of this new position, but failed to do so, as the pleaded allegations showed the domain purchased on the secondary market. (Doc. 88 at 3).

JFXD is thus left with conceding that it never had a viable claim in the first place, now has to claim that the *GoPets* decision was wrongly decided.[1] Backed into this logical corner, JFXD naively asserts that *GoPets* will be "simple to reverse," demonstrating ignorance of how our legal system works. Once a three-judge panel of the Ninth Circuit has rendered a precedential decision, "the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). This argument is so meritless as this Court has already rejected that the existence of divergent law from other circuits mitigates against a finding of an exceptional case under the Lanham Act:

> Defendant's argument that a circuit split on the question of re-registration under the ACPA rendered Defendant's litigation of this question reasonable ignores the important policy considerations imposed by federal appellate courts that are expressed in the doctrine of the "law of the circuit." "Law of the circuit is stare decisis, by another name. The doctrine requires that we 'stand by yesterday's decisions'—even when doing so 'means sticking to some wrong decisions.'" *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1261 (9th Cir. 2020) (quoting *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 455 (2015)). Published decisions of the Ninth Circuit become law of the circuit, which is binding authority that the Ninth Circuit and district courts within the circuit must follow until overruled. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Overruling authority includes only intervening statutes or Supreme Court opinions that create "clearly irreconcilable" conflicts with published Ninth Circuit caselaw. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc). A district court is not free to disagree with a decision by its own court of appeals on a controlling legal issue because such binding authority "is not merely evidence of what the law is[,]" but rather "caselaw on point *is* the law." *Massanari*, 266 F.3d at 1169 (emphasis in original).

---

[1] Defendant questions whether raising a new litigation position in response to a Motion for Attorney's Fees after the case has been dismissed preserves the issue for appeal but needs not resolve this question at this time.

5

*Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2021 WL 242100, at *7 (D. Ariz. Jan. 25, 2021).

The remaining arguments concerning the legitimacy of *GoPets* are similarly unavailing. JFXD's citation to two District of Nevada cases that predate the *GoPets* decision further demonstrates JFXD's failure to understand how binding precedent works, as *GoPets* would abrogate the precedential authority of those district court opinions. Opp. at 4-5. Likewise, model jury instructions are just that—models. The Ninth Circuit has acknowledged that its model jury instructions "are not mandatory, and they must be reviewed carefully before use in a particular case." Manual of Model Civil Jury Instructions, Introduction to 2017 Print Edition (available at https://www.ce9.uscourts.gov/jury-instructions/node/105 (last accessed April 26, 2024)).

Not content with having flipped its position on *GoPets*, JFXD then flips its position one last time, claiming that its Second Amended Complaint was "perfection" and actually *does* state a claim for relief under Ninth Circuit precedent. Opp. at 6-8. The Court has already considered and rejected JFXD's arguments multiple times about the viability of its ACPA claim. JFXD "doubling down" one more time on its meritless ACPA claim is the type of conduct that warrants a finding of an exceptional case. *See San Diego Comic Convention v. Dan Farr Prods.,* 807 F. App'x 674, 676 (9th Cir. 2020) (finding an exceptional case under the Lanham Act due to the "unreasonable manner" the non-prevailing party litigated the case including "failure to comply with court rules, persistent desire to re-litigate issues already decided, advocacy that veered into 'gamesmanship,' and unreasonable responses to the litigation.").

### IV.  JFXD'S COUNSEL STILL FAILS TO EXPLAIN ITS INCONSISTENT STATEMENTS ON OWNERSHIP

Clouding the entirety of these proceedings is that JFXD's Counsel Mr. Villeneuve "has not yet explained his contradictory statements regarding ownership of the crucial TRX-related property," despite being afforded multiple opportunities to do so. (Doc. 88 at 3). Mr.

Villeneuve's last explanation was to claim a lack of knowledge of the entire transaction, despite Mr. Villeneuve being appointed "special IP counsel" in the bankruptcy proceedings where JFXD allegedly acquired the trademark assets. (Doc. 95 at 6-7). JFXD's Counsel made no such attempt its Opposition to try squaring the circle of his creation. It is truly exceptional that a member of the bar so wantonly disregards the direct order of a Court, especially when the Court doubts the truthfulness of sworn statements to the Court.

**V.    JFXD DOES NOT CHALLENGE THE AMOUNT OF ATTORNEY'S FEES**

Finally, JFXD makes no attempt to challenge the amount of attorney's fees that should be awarded to Defendant as the prevailing party. Accordingly, **$39,746.50** in attorneys' fees[2] and **$1,352.27** in non-taxable expenses are warranted.

**VI.    CONCLUSION**

The question before the Court is whether this matter is exceptional under the Lanham Act, warranting an award of attorney's fees under 15 U.S.C. § 1117(a). This Court had previously determined the same arguments JFXD has advanced on "re-registration" under the ACPA are unreasonable in view of clear precedent under *GoPets*, warranting a finding of an exceptional case. *Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2021 WL 242100, at *10. But JFXD's conduct in this case even exceeds that of the Defendant in *Dent*, including:

- JFXD filed this case in rem without a legal basis to do so (Doc. 95 at 4);
- JFXD engaged in forum shopping. (Doc. 95 at 4);
- JFXD's counsel failed to respond to the Court's Order requiring an explanation of his "inconsistent" statements of ownership of the TRX trademarks (Doc. 95 at 5-6);

---

[2] The undersigned counsel attests and confirms that it took 8.5 hours of Mr. Marion's time to prepare this reply brief, which constitutes **$3,357.50** in fees, and is in line with the initial estimates of $3,500 to prepare this brief. The amount of attorneys' fees in this brief reflects the updated total.

- JFXD continually used derogatory and inflammatory language in its legal filings against Defendant and Defendant's counsel (Doc. 95 at 5);
- JFXD's counsel improperly contacted the Court *ex parte* (Doc. 88 at 4);
- JFXD made argues so perplexing that the Court repeatedly could not discern what JFXD was arguing (Doc 85 at 2 n.2; Doc. 88 at 4);
- JFXD cites wrong legal precedent in this brief;
- JFXD has taken contradictory legal positions in this brief; and
- JFXD has re-argued positions already rejected by the Court.

The totality of the circumstances demonstrate the unreasonable manner in which JFXD litigated this case, both in substance and in procedure.

Defendant respectfully requests that the Court enter an order granting Defendant's motion, declaring this case exceptional under 15 U.S.C. § 1117(a), and awarding **$39,746.50** in attorneys' fees and **$1,352.27** in non-taxable expenses to Defendant.

Respectfully submitted this 26th day of April 2024.

By: */s/ Michael B. Marion*
Michael B. Marion (Bar No. 035627)
**BYCER & MARION**
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com

Kenneth M. Motolenich-Salas (Bar No. 027499)
**MOTOSALAS LAW, PLLC**
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone: 202-257-3720
E-mail: ken@motosalaslaw.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) and copy of this document to all counsel of record who are deemed to have consented to electronic service.

Anjali J. Patel (SBN 028138)
Tyler Allen Law Firm, PLLC
4201 North 24th Street, Suite 200
Phoenix, AZ 85016
Telephone: (602) 456-0545
Email: Anjali@allenlawaz.com

Alain Villeneuve (pro hac vice)
1420 Fifth Avenue, Suite 2200
Seattle 98101, WA
Telephone (312) 404-1569
Email: avilleneuve@trxtraining.com

By: /s/ *Michael B. Marion*_____
Michael B. Marion
Bycer & Marion, PLC
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
(602) 944-2277
michael@bycermarion.com